UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JP MORGAN CHASE BANK, N.A.,

      Plaintiff,

v.                                   Case No. 08-13845

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

      Defendants.

_____/


## MEMORANDUM AND ORDER
## DENYING DEFENDANTS' AMENDED MOTION FOR JUDGEMENT ON THE
## PLEADINGS AS TO COUNT I[1]

I.

      This is a commercial finance dispute.  Plaintiff JPMorgan Chase Bank, N.A.

(Agent) is the Administrative Agent for a group of lenders (Lenders) that extended credit

to Venture Holdings Company, LLC (Venture) under a Credit Agreement.[2]  The Agent is

suing defendants Larry Winget (Winget) and the Larry Winget Living Trust (Winget

Trust) to enforce a guaranty and two pledge agreements entered into by Winget and the

Winget Trust in 2002 in which they guaranteed the obligations of Venture, a company

---

[1]The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

[2]Bank One, NA, was the Administrative Agent for the lenders.  It merged with JP Morgan in 2004 to form JP Morgan Chase Bank, N.A.

owned and controlled by Winget and/or the Winget Trust.[3]  The Agent makes three

claims, as follows:

Count I          Enforcement of Guaranty Against the Winget Trust

Count II         Enforcement of Guaranty Against Winget

Count III        Enforcement of Pledge Agreements Against Winget and the WInget Trust

Before the Court is plaintiffs' amended motion for judgment on the pleadings as

to Count I of the Agent's complaint.  For the reasons that follow, the motion will be

denied.

II.

Fed. R. Civ. P. 12(c) provides that, "after the pleadings are closed but within such

time as not to delay the trial, any party may move for judgment on the pleadings."

Judgment may be granted under Rule 12(c) where the movants clearly establish that no

material issue of fact remains to be resolved and that they are entitled to judgment as a

matter of law.  Beal v. Missouri Pacific R.R., 312 U.S. 45 (1941); 5 C. Wright & A. Miller,

Federal Practice and Procedure § 1368, p. 518.

---

[3]This is the second lawsuit filed by the Agent against Winget and the Winget Trust regarding this subject matter.  On October 28, 2005, the Agent filed a two count complaint for (1) specific performance and (2) declaratory judgment.  JP Morgan v. Winget, No. 05-74141.  Under Count I, the Agent sought to inspect Winget's financial records relating to Venture and affiliated companies, particularly PIM and Venco, pursuant to Section 11 of a Guaranty with Winget.  The Agent essentially sought to monitor the value of its collateral under the Guaranty.  Under Count II, the Agent asked the Court to declare the rights of the parties under two Pledge Agreements between the Agent and Winget as to PIM and Venco.  The Court granted judgment to the Agent on Count I and dismissed Count II.  Plaintiffs appealed.  The Court of Appeals for the Sixth Circuit affirmed.  JP Morgan v. Winget, No. 07-1096.

The Court of Appeals for the Sixth Circuit has stated that a district court must consider a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion.  Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C, 477 F.3d 383, 389 (6th Cir. 2007).  In facing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1964-65 (citations omitted); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp., 127 S.Ct. at 1965 (citations omitted).

3

III.

The parties are correct that the instant motion presents a straightforward

question of contract interpretation.  At issue is Section 3 of the Guaranty which provides

in relevant part:

> SECTION 3.  <u>The Guaranty</u>.  Subject to the last paragraph of this Section 3, the Guarantor[4] hereby and unconditionally guarantees, as primary obligor and not as surety, the full and punctual payment . . . of the Guaranteed Obligations . . .
>    . . .
>    Notwithstanding anything herein or elsewhere to the contrary, *no action will be brought for the repayment of the Guaranteed Obligations* under this Guaranty and no judgment therefore will be obtained or enforced *against Larry Winget other than with respect to the Pledged Stock* in accordance with the provisions of the related pledge agreements[.]

(Complaint Exhibit A (emphasis added)).

Plaintiffs contend that the above provision limiting the guarantee obligations of Larry Winget to the Pledged Stock also applies to the Winget Trust.  The Agent contends that Section 3 only limits recourse against Larry Winget to the Pledged Stock and does not so limit recourse against the Winget Trust.  The Court agrees.  Plaintiffs' argument is linguistic legerdemain.  The "last paragraph" of Section 3 is unambiguous. It names Winget, and Winget alone, in connection with limiting liability under the Guarantee to the Pledged Stock.  It does not apply to the Winget Trust.  It carves out an exception to the unconditional guarantee assumed by both Winget and the Winget Trust by limiting actions against Winget to only the Pledged Stock.  There is no exception for actions against the Winget Trust.

IV.

For the reasons stated above, plaintiffs' amended motion for judgment on the pleadings as to Count I is DENIED.

SO ORDERED.


Dated:  January 7, 2009             s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

---

[4]"Guarantor" is defined in the Preamble to include Larry Winget and the Winget Trust.

4

**08-13845 JP Morgan Chase Bank, NA v. Winget, et al**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 7, 2009, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160

5