UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff,

v.                                                      Case No. 08-13845

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**
**AND**
**DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL**
**AND**
**DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT ON COUNT I**
**AND DENYING AS MOOT DEFENDANTS' MOTION TO STAY**

I.

This is a commercial finance dispute. Plaintiff JPMorgan Chase Bank, N.A. (Agent) is the Administrative Agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a Credit Agreement.[1] The Agent is suing defendants Larry Winget (Winget) and the Larry Winget Living Trust (Winget Trust) (collectively, defendants) to enforce a guaranty and two pledge agreements entered into by Winget and the Winget Trust in 2002 in which they guaranteed the

---

[1] Bank One, NA, was the Administrative Agent for the lenders. It merged with JP Morgan in 2004 to form JP Morgan Chase Bank, N.A.

obligations of Venture, a company owned and controlled by Winget and/or the Winget Trust.[2]  The Agent makes three claims, as follows:

    Count I        Enforcement of Guaranty Against the Winget Trust

    Count II       Enforcement of Guaranty Against Winget

    Count III      Enforcement of Pledge Agreements Against Winget and the Winget Trust

Before the Court are several motions filed by defendants, as follows:

- Defendants' Motion for Leave to Amend Answer

- Defendants' Motion to Compel Discovery

- Defendants' Motion to Stay Consideration of Agent's Motion for Summary Judgment on Count I

Also before the Court is the Agent's motion for summary judgment on Count I of their complaint. Neither Winget nor the Winget Trust have responded to the motion in light of them filing a motion to stay consideration of the motion.

For the reasons that follow, defendants' motion to amend answer is GRANTED. Defendants' motion to compel is DENIED WITHOUT PREJUDICE. The Agent's motion for summary judgment on Count I is DENIED WITHOUT PREJUDICE to the Agent's

---

[2]This is the second lawsuit filed by the Agent against Winget and the Winget Trust regarding this subject matter. On October 28, 2005, the Agent filed a two count complaint for (1) specific performance and (2) declaratory judgment. JP Morgan v. Winget, No. 05-74141. Under Count I, the Agent sought to inspect Winget's financial records relating to Venture and affiliated companies, particularly PIM and Venco, pursuant to Section 11 of a Guaranty with Winget. The Agent essentially sought to monitor the value of its collateral under the Guaranty. Under Count II, the Agent asked the Court to declare the rights of the parties under two Pledge Agreements between the Agent and Winget as to P.I.M. and Venco. The Court granted judgment to the Agent on Count I and dismissed Count II. Plaintiffs appealed. The Court of Appeals for the Sixth Circuit affirmed. JP Morgan v. Winget, 510 F.3d 577 (6th Cir. 2007).

right to renew on notice to the Court.  In light of this determination, defendants' motion to stay is MOOT.

## II.  Motion for Leave to Amend Answer

### A.

Defendants request leave to amend their answer to allege additional affirmative defenses of mistake, res judicata, and estoppel (equitable and judicial) and a counterclaim seeking reformation of the Guaranty on the grounds of mistake.

The motion comes on the heels of the Court's ruling denying the Winget Trust's motion for judgment on the pleadings as to Count I.  The Winget Trust sought judgment that the language of section 3 of the Guaranty[3] limited the liability of <u>both</u> Winget and the Winget Trust to the Pledged Stock.  The Court found that the plain language of section 3 did not limit the Winget Trust's liability, stating:

> The "last paragraph" of Section 3 is unambiguous.  It names Winget, and Winget alone, in connection with limiting liability under the Guarantee to the Pledged Stock.  It does not apply to the Winget Trust.  It carves out an exception to the unconditional guarantee assumed by both Winget and the Winget Trust by limiting actions against Winget to only the Pledged Stock.  There is no exception for actions against the Winget Trust.

---

[3]  Section 3 provides:

SECTION 3.  <u>The Guaranty</u>.  Subject to the last paragraph of this Section 3, the Guarantor hereby and unconditionally guarantees, as primary obligor and not as surety, the full and punctual payment . . . of the Guaranteed Obligations . . .
   . . .
   Notwithstanding anything herein or elsewhere to the contrary, *no action will be brought for the repayment of the Guaranteed Obligations* under this Guaranty and no judgment therefore will be obtained or enforced *against Larry Winget other than with respect to the Pledged Stock* in accordance with the provisions of the related pledge agreements[.]

(Emphasis added).

3

In light of this ruling, the Agent filed a motion for summary judgment on Count 1, seeking to enforce the Guaranty without any limits against the Winget Trust. Defendants seek to amend their answer to assert affirmative defenses and a counterclaim in which they essentially assert that the parties intended that Winget and the Winget Trust be treated as the same entity and therefore the Winget Trust's liability is limited to the Pledged Stock.  Defendants argue that to the extent that section 3 says otherwise, it is a mutual mistake and is evidenced by the parties' course of dealing and other documentary evidence defendants have to date.

B.

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires."  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir.1980).  This discretion, however, is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."  See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir.1987) (citation omitted).  In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973).  See also Foman v. Davis, 371 U.S. 178, 182 (1962).  Delay by itself is not

sufficient to deny a motion to amend. Hagerman, 486 F.2d at 484. See also General Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990). Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986).

C.

The Agent asserts that defendants' motion is nothing more than a motion more reconsideration and the proposed amendments are futile because the Court has already ruled on the construction of the language of section 3. This argument proves too much. Defendants are not seeking reconsideration but rather seek to assert affirmative defenses which they say have become necessary in light of the Court's ruling as to the construction of section 3. To this end, defendants have filed the affidavit of Ralph McKee, an attorney involved in the drafting of the Guaranty and other documents. McKee states, quite clearly, that all parties intended that the Guaranty limit liability of both Winget and the Winget Trust to the Pledged Stock (which is in turn limited to $50 million). McKee also states that the Winget Trust was added only to eliminate any issue with respect to the ownership of the Pledged Stock, as some was apparently owed by the Winget Trust.[4] McKee describes what could be considered drafting errors in that in not every instance in which the term "Larry Winget" was used was he replaced with "Guarantor" (jointly defined as Winget and the Winget Trust  While the Court is mindful of the Agent's arguments, the better course at this stage, where there has been no discovery, is to permit defendants to amend their answer.    While defendants may

---

[4]At oral argument, counsel for the Agent was unable to advise the Court as to the number of shares of the Pledged Stock owned by Winget or the number of shares of the Pledged Stock owned by the Winget Trust.

5

have been better served to have waited for discovery and for the Agent to file a dispositive motion instead of immediately filing a motion for judgment on the pleadings arguing that section 3 was unambiguous.  Regardless, defendants have not waived the right to assert a position contrary to that raised in their motion for judgment on the pleadings, i.e. that section 3 of the Guaranty is ambiguous and must be reformed because of mutual mistake.  As stated in Wright & Miller:

> A denial of the motion [for judgment on the pleadings] means that the litigation will proceed as if the motion had never been made; both parties are free to put any questions of fact or law in issue regardless of the posture they may have maintained for purposes of the Rule 12© motion.

5C Wright & Miller, Federal Practice and Procedure § 1370 (2008).

McKee's affidavit describes in detail the negotiation process and concludes that the failure to include the Winget Trust in section 3 was a drafting error.  Upon review of the record as it stands, this is not an implausible conclusion.  As expressed at the hearing, the Guarantees with respect to P.I.M. and Venco did not distinguish between Larry Winget and the Winget Trust.  Section 3 of the Guaranty is the only place where Winget and the Winget Trust are not treated the same.  Moreover, the Court takes judicial notice that generally a living trust is an estate planning tool to avoid probate.  The settlor creates the trust and acts as trustee and as beneficiary of the trust.  In this fashion, the trust and the settlor are essentially the same.  Here, Winget is the settlor, trustee, and beneficiary of the Winget Trust.  All of this gives the Court pause to allow defendants to amend their answer as described above.  Allowing amendment will provide for a complete vetting as to the circumstances of the negotiation and drafting of the Guaranty and the parties' intent as to Winget and the Winget's Trust's liability under the Guaranty.

### III.  Motion to Compel Discovery

Defendants seek an order compelling the Agent to produce documents and electronically stored information responsive to their First Requests for Production of Documents and answer their First Set of Interrogatories.  As stated at the hearing, defendants are entitled to take discovery relative to the parties' intent and if the parties have a dispute, they should contact the Court before filing any papers.  The motion is denied without prejudice.

### IV.  Agent's Motion for Summary Judgment on Count I and Defendants' Motion to Stay Proceedings

As described above, the Agent has filed a motion for summary judgment on Count I against the Winget Trust.  Defendants seek to stay the motion pending discovery.  In light of the Court's ruling on defendants' motion to amend their answer, the Agent's motion is denied without prejudice to its right to renew on notice to the Court.  This renders defendants' motion to stay moot.

SO ORDERED.


Dated:  April 27, 2009         s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 27, 2009, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5160