UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/
    Counter-Defendant,                              Case No. 2:08-cv-13845

v                                                      Hon. Avern Cohn
                                                      Magistrate Judge:  Michael J. Hluchaniuk

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/
    Counter-Plaintiffs.

---

William T. Burgess (P36922)                  John E. Anding (P30356)
DICKINSON WRIGHT PLLC                  Thomas V. Hubbard (P60575)
Attorneys for Plaintiff/Counter-Defendant      Leo L. Clarke (P70277)
500 Woodward Avenue, Suite 4000            DREW, COOPER & ANDING, P.C.
Detroit, MI 48226                                     Attorneys for Defendants/
Ph:     (313) 223-3500                            Counter-Plaintiffs
wburgess@dickinson-wright.com               Ledyard Building, Suite 300
                                                          125 Ottawa Avenue, N.W.
Melville W. Washburn (IL ARDC 6195497)   Grand Rapids, MI 49503
SIDLEY AUSTIN LLP                             Ph:     (616) 454-8300
Attorneys for Plaintiff/Counter-Defendant      janding@dcadvocate.com
One South Dearborn Street                       thubbard@dcadvocate.com
Chicago, IL 60603                                      lclarke@dcadvocate.com
Ph:     (312) 853-7000
D/L:    (312) 853-2070
mwashburn@sidley.com

---

**JOINT STATEMENT OF RESOLVED AND UNRESOLVED ISSUES**

       The parties have conferred on the issues relevant to Defendants' Motion to Extend Discovery (Dkt. 94), Plaintiff's Motion to Compel (Dkt. 102) and Defendants' Motion to Compel (Dkt. 104).  There are three issues in dispute.

### 1. Defendants' Motion to Extend Time for Discovery (Dkt. 94).

<u>Defendants' position:</u>  Defendants have been prejudiced by Chase's unwarranted withholding of 12,000 allegedly privileged documents and by its failure to produce key "Lender" documents on a timely basis.  Defendants have not been lax in conducting discovery because it would have been inefficient for Defendants to commence depositions before the Court addressed Chase's blanket privilege assertions.  Now that the Court has granted Defendants' relief (although discovery issues still remain), Defendants have promptly scheduled depositions of counsel and key executives located from New York to Detroit to Chicago to Los Angeles. Except for one week in September, at least two fact depositions are scheduled for each through November 11th.

An extension through November 30, 2010 is necessary to permit fair discovery.  Denial of Defendants' motion would reward Chase for its intransigence and its undue assertions of privilege.

<u>Plaintiff's position:</u>  Defendants purported need for more time is due to their lack of diligence in developing or pursuing a coherent discovery plan.  When Defendants agreed to the current discovery schedule five months ago, they knew the identity of all relevant witnesses and had already received all relevant documents.  Under that stipulated schedule, discovery was to close August 31, 2010.  Yet Defendants waited until August to send deposition notices for 16 witnesses.

Plaintiff has already agreed to a reasonable extension of discovery to October 1, 2010. This is more than sufficient time for Defendants to depose all persons who might have relevant information.  Defendants' request to extend discovery to November 30, 2010 is excessive and unwarranted.

2.     **Plaintiff's Motion to Compel (Dkt. 102).**

<u>Plaintiff's position</u>:  Defendants have improperly withheld as privileged certain documents (identified in Exhibit H to Plaintiff's Reply (Dkt. 118)) that were distributed outside of any attorney-client relationship.  Defendants argue that these documents are protected under the common interest doctrine.  The common interest doctrine is inapplicable because (1) Defendants have not shown that the documents contain underlying privileged communications, and (2) Defendants did not share common interests with the bankrupt and insolvent Venture entities because those entities owed duties to their creditors, not just their owners.  Additionally, Defendants' contention that communications between (a) Defendants' counsel Greenberg Traurig or Allard & Fish, and (b) Venture entities that those firms did not represent are privileged under *Upjohn* is wrong as a matter of law as neither of those entities nor their employees were Defendants' agents.

<u>Defendants' position</u>:  Chase has not supported its motion with any proof, and its limited discussion of a handful of specific documents reflects its mistaken factual assumptions.  Defendants owned the Venture and Deluxe companies at all relevant times, and Timothy Bradley and Lieberman Bradley represented all those entities.  Those facts justify Defendants' privilege claims as to communications between Lieberman Bradley and those entities and their counsel under both the co-client and co-counsel corollaries of the attorney-client privilege under *Upjohn* and Restatement § 75.

Even if the Court determines that Defendants' ownership of the Venture and Deluxe companies does not bring communications within *Upjohn*, the challenged communications are within the common interest privilege.  As Restatement § 76 makes clear, the privilege applies as long as the communications are between "client sets" (not just lawyers for the parties) and the

parties have common, not identical, legal or business interests. All challenged communications were between client sets, and Defendants, Venture and Deluxe shared a common interest in defending litigation and claims by Chase arising out of the Eighth Amendment and the related guaranties.

### 3.    Defendants' Motion to Compel (Dkt. 104).

Defendants' position:  Chase's Problem Credit Reports ("PCRs") are not privileged because they are routine reports created pursuant to Chase's corporate policy to permit senior management to properly classify assets and set loan reserves. Chase has not offered testimony of the in-house lawyer to whom the PCRs were circulated or otherwise that any PCR actually contains legal advice or a request for legal advice.  Instead, Chase's evidence amounts to nothing more than general statements that such reports "might" contain legal advice.

Chase's claims of work product privilege for documents created by its financial advisor Ernst & Young ("EY") should be rejected because Chase's own loan officer testified that EY was just doing routine credit analysis that Chase's employees did not have time for.  Even if specific documents were prepared in anticipation of litigation under the 6th Circuit's *Roxworthy* test, Defendants have shown "substantial need" for them because Chase's employees and the EY analyst deposed so far have shown that they have no memory of the facts in those documents. Those documents are indisputably material because they are likely to show whether Chase and the other Lenders were relying on the credit of the Trust as an unlimited guarantor.

Plaintiff's position:  The PCRs' privileged status is visible on the face of the documents. The PCRs expressly state that they are privileged and clearly solicit legal advice from their stated recipient: the in-house attorney who was specifically tasked with providing legal advice to the executives who managed the troubled Venture loans.

EYCF's financial analyses were prepared in anticipation of litigation and are protected work product.  EYCF was retained by the Agent's outside counsel in anticipation of litigation when the Agent and its counsel recognized that Venture would enter bankruptcy.  EYCF's engagement letter expressly states that its analyses were intended by all involved—including the companies owned by Defendants—to be protected work product.

| | |
|---|---|
| Dated:  September 8, 2010 | /s/ John E. Anding<br>John E. Anding (P30356)<br>Thomas V. Hubbard (P60575)<br>Leo L. Clarke (P70277)<br>DREW, COOPER & ANDING, P.C.<br>Attorneys for Defendants/<br>Counter-Plaintiffs<br>Ledyard Building, Suite 300<br>125 Ottawa Avenue, N.W.<br>Grand Rapids, MI 49503<br>Ph:     (616) 454-8300<br>janding@dcadvocate.com<br>thubbard@dcadvocate.com<br>lclarke@dcadvocate.com |
| Dated:  September 8, 2010 | /s/ William T. Burgess<br>William T. Burgess (P36922)<br>DICKINSON WRIGHT, PLLC<br>500 Woodward Ave., Ste. 4000<br>Detroit, MI 48226<br>(313) 223-3500<br><br>   -and-<br><br>Melville W. Washburn<br>Kevin C. Pecoraro<br>SIDLEY AUSTIN LLP<br>1 South Dearborn Street<br>Chicago, IL 60603<br><br>Attorneys for Plaintiff/Counter-Defendant |

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated: September 8, 2010

/s/ John E. Anding
John E. Anding (P30356)
Thomas V. Hubbard (P60575)
Leo L. Clarke (P70277)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Ledyard Building, Suite 300
125 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph: (616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com
lclarke@dcadvocate.com

I:\JEATeam\2652-06\PLEADINGS\Joint statement 9 6 2010