UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/
    Counter-Defendant,                                 Case No. 2:08-cv-13845

v                                                          Hon. Avern Cohn
                                                          Magistrate Judge:  Michael J. Hluchaniuk
LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/
    Counter-Plaintiffs.

---

| | |
|---|---|
| William T. Burgess (P36922) | John E. Anding (P30356) |
| DICKINSON WRIGHT PLLC | Thomas V. Hubbard (P60575) |
| Attorneys for Plaintiff/Counter-Defendant | Leo L. Clarke (P70277) |
| 500 Woodward Avenue, Suite 4000 | DREW, COOPER & ANDING, P.C. |
| Detroit, MI 48226 | Attorneys for Defendants/ |
| Ph:    (313) 223-3500 | Counter-Plaintiffs |
| wburgess@dickinson-wright.com | Ledyard Building, Suite 300 |
| | 125 Ottawa Avenue, N.W. |
| Melville W. Washburn (IL ARDC 6195497) | Grand Rapids, MI 49503 |
| SIDLEY AUSTIN LLP | Ph:    (616) 454-8300 |
| Attorneys for Plaintiff/Counter-Defendant | janding@dcadvocate.com |
| One South Dearborn Street | thubbard@dcadvocate.com |
| Chicago, IL 60603 | lclarke@dcadvocate.com |
| Ph:    (312) 853-7000 | |
| D/L:   (312) 853-2070 | |
| mwashburn@sidley.com | |

---

**JOINT STATEMENT OF RESOLVED AND UNRESOLVED ISSUES**

1. **<u>Certification re Conference</u>:** The parties certify that they have conferred on the issues presented by Defendants' Motion For Leave To Take Additional Depositions (Dkt. No. 115) and Plaintiff's Response thereto in an effort to narrow the areas of disagreement.

2. **<u>Issue Remaining In Dispute</u>:** Whether Defendants should be permitted to take additional depositions beyond the limitation set forth in Fed. R. Civ. P. 30(a)(2) (10 depositions) and the two (2) additional depositions stipulated to by Plaintiff.

3. **<u>Parties' Respective Positions and Supporting Authority</u>:** The parties agree that the legal standard to be applied is provided by Fed. R. Civ. P. 30(a)(2). The Court has discretion to grant additional depositions pursuant to Rule 30(a)(2) and "the court must grant leave to the extent consistent with Rule 26(b)(2)."

**<u>Defendants' Position</u>:** Defendants' showing of good cause for the additional depositions they seek is based upon: (1) the complexity of transaction at issue; and (2) the large number of individuals and entities intimately involved in that transaction. The complexity of the transaction at the heart of this case—execution of the Eighth Amendment to the Venture Credit Agreement ("8th Amendment") in October 2002—is most patently demonstrated by the fact that Plaintiff has produced more than 300,000 pages of documents in the course of discovery. In addition, Plaintiff's privilege logs include over 12,000 entries, and the Court has ordered the parties to engage in discovery to test the parties' privilege claims. Defendants must be permitted the additional depositions they seek in order to fully and fairly explore both the relevance of the documents produced by Plaintiff and the legitimacy of the assertions of privilege made by Plaintiff over 12,000 otherwise responsive documents.

Further, in order to achieve a "complete vetting" of the parties' intent as to Defendants' liability under the October 2002 Guaranty (see this Court's Order at Dkt. No. 40, p. 6), which

Plaintiff claims exposes the Winget Trust to liability approaching a half-billion dollars, Defendants must be permitted to depose those entities and individuals with material knowledge related to the intended scope of liability under the Guaranty. Those entities and individuals indisputably include (but are not limited to): (1) the numerous lenders that held the syndicated Venture debt under the 8th Amendment (there were seventy-three (73) lender signatories to the 8th Amendment), whom Chase's counsel claims to represent in this action; (2) the numerous lawyers engaged by Chase and/or the lenders to participate in the negotiation, execution and monitoring of the 8th Amendment; and (3) the numerous financial advisors retained by Chase and/or the lenders to identify, value and monitor the sources of repayment for the Venture Credit under the 8th Amendment, including the Winget Guaranty.

Under these circumstances, good cause exists for the taking of the twenty-two (22) depositions requested by Defendants, and no countervailing facts exist to rebut that showing of good cause. Accordingly, the leave requested by Defendants should be granted.

**Plaintiff's Position:** Plaintiff has agreed to two additional depositions for Defendants. The other ten extra depositions that Defendants seek will not produce any testimony that Defendants have not already obtained or will obtain from other witnesses. Just one month prior to filing this motion, Defendants moved to extend discovery and at that time they identified only ten desired deponents. Now, at the scheduled close of discovery, Defendants have more than doubled the number of depositions they wish to take. Defendants' pattern of seeking piecemeal additional discovery is simply an effort to delay adjudication of the Agent's claim and evade their obligations to repay the millions of dollars that their former companies borrowed. Moreover, Defendants do not utilize the additional discovery they pursue. Defendants moved for the right to take 30(b)(6) depositions regarding Plaintiff's privilege claims. They have not

2

noticed any such depositions. Defendants were granted leave to take three 14-hour depositions. They have noticed only one. The Agent requests that the Court put an end to Defendants' tactics by setting a firm date for the close of discovery and granting Defendants leave to take a limited number of depositions within that schedule.

Dated: September 14, 2010   /s/ John E. Anding
John E. Anding (P30356)
Thomas V. Hubbard (P60575)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Ledyard Building, Suite 300
125 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph:    (616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com
lclarke@dcadvocate.com

Dated: September 14, 2010   /s/ William T. Burgess
William T. Burgess (P36922)
DICKINSON WRIGHT, PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

   -and-

Melville W. Washburn
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603

Attorneys for Plaintiff/Counter-Defendant

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated: September 14, 2010
            /s/ John E. Anding
            John E. Anding (P30356)
            Thomas V. Hubbard (P60575)
            DREW, COOPER & ANDING, P.C.
            Attorneys for Defendants/
            Counter-Plaintiffs
            Ledyard Building, Suite 300
            125 Ottawa Avenue, N.W.
            Grand Rapids, MI 49503
            Ph: (616) 454-8300
            janding@dcadvocate.com
            thubbard@dcadvocate.com
            lclarke@dcadvocate.com

I:\JEATeam\2652-06\PLEADINGS\Joint statement (2) 9.14.2010