UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) ) | |
| Plaintiff, | ) ) | No. 08-cv-13845-AC-MJH |
| v. | ) ) | Hon. Avern Cohn |
| LARRY J. WINGET and the LARRY J. WINGET LIVING TRUST, | ) ) ) ) | Magistrate Judge Michael J. Hluchaniuk |
| Defendants. | ) ) | |

**PLAINTIFF JPMORGAN CHASE BANK, N.A.'S
RESPONSE TO DEFENDANTS' MOTION TO MODIFY THE
CASE MANAGEMENT ORDER TO ALLOW THE DEPOSITION OF JUDY O'NEILL**

William T. Burgess (P36922)
DICKINSON WRIGHT, PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

Melville W. Washburn
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603

Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.

## **ISSUE PRESENTED**

Whether Defendants have shown good cause to take yet another deposition of a person with no knowledge of or involvement in the drafting of the documents at issue in this case.

Plaintiff JPMorgan Chase Bank, N.A., as Administrative Agent (the "Agent"), respectfully submits this memorandum in response to Defendants' Motion to Modify the Case Management Order to Allow the Deposition of Judy O'Neill (Dkt. 137).

## **INTRODUCTION**

Defendants have again filed a motion seeking additional discovery. Notwithstanding their earlier representations that they needed only twenty-two depositions to complete discovery (Dkt. 115), Defendants now wish to depose yet another person who had no direct knowledge of or involvement in the drafting of the documents that are at issue in this case. The Court should deny Defendants' motion.

Defendants cannot show good cause for the extra deposition. Defendants wish to depose Ms. Judy O'Neill, who served as lead counsel for the Venture Debtors. The sole basis for the proposed deposition is an exhibit ("Exhibit I") to the Debtors' May 2004 bankruptcy disclosure statement. The dispute in this case is the intent of the parties to the October 2002 Guaranty. The May 2004 disclosure statement was not drafted by the parties to the Guaranty and neither Ms. O'Neill nor her firm were involved in drafting or negotiation of the Guaranty. Thus, even if Ms. O'Neill were to remember anything about Exhibit I—which was one small part of a very large bankruptcy filing overseen by her over six years ago—she would have no basis for testifying as to the parties' intent as to the Guaranty.

Furthermore, if Ms. O'Neill and Exhibit I truly were relevant to this case, Defendants could have and would have noticed her deposition long ago. Defendants try to justify their belated request for an additional deposition by claiming that they were able to learn the origin of Exhibit I only recently. This is not credible. The fact that Exhibit I came from the May 2004 disclosure statement filed by Ms. O'Neill's law firm has been clear since the

document was produced.  Defendants failed to conduct even a minimal examination of the document that they now contend is so significant.   Defendants' lack of diligence precludes any showing of good cause and should not  be rewarded with yet another extension of discovery.

## ARGUMENT

**I.    DEFENDANTS HAVE NOT SHOWN GOOD CAUSE TO ALTER THE CASE MANAGEMENT ORDER**

Defendants have not shown good cause to depose Ms. O'Neill.  <u>First</u>, Defendants have not shown any reason why such a deposition could be even marginally relevant to the intent of the parties to the October 2002 Guaranty.  Defendants' request is based on a two-page table, "Exhibit I" (*see* Defs. Br. 2–6), that was attached to a disclosure statement drafted by Venture's bankruptcy counsel, Foley & Lardner LLP and filed in May 2004 (*See* Ex. A, BO 12993–13474[1] (Exhibit I is BO 13466–67); *cf.* Defs. Br. 4–5).  A document drafted a year-and-a-half after the Guaranty, by individuals who had no role in negotiating or drafting the Guaranty, provides no evidence of the parties' intent at the time the Guaranty was executed.  Therefore, Exhibit I cannot justify additional discovery.

<u>Second</u>, Exhibit I does not support Defendants' position in this litigation.  Exhibit I merely purports to list "collateral" supporting various promises to repay Venture's debt.  It has never been disputed that the pledged stock was the collateral supporting the Guaranty.  But that does not mean that the Trust's obligations as guarantor are limited to the collateral.  As the Agent has explained in more detail elsewhere (*see* Dkt. 116 and Exhibit F thereto), collateral—property in which a creditor has a security interest—is distinct from an unsecured contractual obligation.  Tellingly, Defendants have declined to cite the disclosure statement to which Exhibit I was attached.  The disclosure statement makes clear that Exhibit I's description of the Guaranty

---

[1] To avoid burdening the Court with an unnecessarily large exhibit, only key pages are included.

2

refers to the *secured* collateral that was pledged in connection with the Guaranty, and not the unsecured obligations of the Trust under the Guaranty.  (*See* Ex. A, BO 13043.)

Third, a deposition of Ms. O'Neill is highly unlikely to yield any relevant evidence. *See* Fed. R. Civ. P. 26(b).   Defendants have provided no reason to believe that Ms. O'Neill, who served as lead counsel for the Venture Debtors, would remember anything about the drafting of a table that was one of ten exhibits to a five-hundred-page bankruptcy filing over six years ago.   (*See* Defs. Br. 3 (stating only that "[a]s the debtor's lead bankruptcy counsel, Ms. O'Neill is the person most likely to have information about the authorship, negotiation, approval and filing of this document").)  Even if Ms. O'Neill were to remember anything about Exhibit I, it is highly unlikely that her testimony will lead to any evidence of the intent of the parties to the Guaranty because Ms. O'Neill and her law firm were not involved in the Guaranty's negotiation or drafting.

Fourth, Defendants' motion to belatedly expand the deposition roster should be denied for lack of diligence.  Defendants contend that they only recently learned the provenance of Exhibit I.  Defendants' supposed inability to previously determine that Exhibit I was an exhibit to the May 2004 disclosure statement is preposterous.  Exhibit I was produced to Defendants *on June 9, 2004*, in adversary proceeding litigation during the Venture bankruptcy. Defendants have used the document in depositions since June 30, 2010.  (*See* Ex. B (Deposition Exhibit 24, marked for Richard Babcock's deposition on June 30, 2010, and Bates-numbered BO 13466–67).)  During Mr. Babcock's deposition, Defendants' counsel represented that he was unable to ascertain the source of the document.  (Ex. C, Babcock Dep. Tr. 197:6–198:7.)  Later, Defendants served a Request for Admission concerning, inter alia, the provenance of BO 13466–67 (Exhibit I).  (*See* Ex. D and Exhibit 1 thereto.)

3

The Agent's counsel was able to ascertain Exhibit I's provenance within minutes by looking at the Bates numbered pages that were produced with it in 2004 and that have been in Defendants possession all this time. The page immediately preceding Exhibit I (BO 13466–67) is a slip sheet labeled, in large letters, "Exhibit I". (Ex. A, BO 13465). From this, the Agent's counsel inferred that Exhibit I was an exhibit to a larger document. Working backwards through the bates numbered pages that were produced to Defendants in 2004, the Agent's counsel was easily able to identify Exhibits H (*id.*, BO 13435) through A (*id.*, BO 13153), and finally the parent document itself, the First Amended Disclosure Statement of Venture Holdings Company LLC And Its Domestic Subsidiaries Dated May 17, 2004 (*id.*, BO 12993).[2]

Defendants should have conducted the same rudimentary investigation, and their failure do so is irrefutable proof of their lack of diligence. Clearly, if Exhibit I were in fact significant, Defendants would have long ago conducted a similar review of the pages surrounding it. Had they done so, they would have easily recognized that it came from the disclosure statement filed by Ms. O'Neill's firm. The fact that Defendants never looked into the context of a document that they *now* contend is highly relevant strongly suggests that the instant motion is not designed to advance discovery into a relevant area of inquiry, but rather is intended to delay the long overdue close of discovery.

The Agent has been more than accommodating in working with Defendants to permit full and fair discovery. Defendants have engaged in a repeated pattern—this is their sixth motion in as many months—of expanding and extending discovery. (*See* Dkts. 89, 94, 104, 115,

---

[2] The same document was re-produced, under different bates numbers, as an exhibit to the Second Amended Disclosure Statement. (*See* Defs. Ex. 2.) Defendants' attempt to suggest that there is any significance to this fact is baseless. Moreover, Defendants' failure to identify the provenance of the document is more confusing still, given that it was included in the Agent's production at least twice and in sequence with the respective disclosure statements.

4

133, 137.)  These repeated extensions are prejudicial to the Agent.  As time passes, interest continues to accrue on the millions of dollars of debt that Defendants guaranteed, while the chances that Defendants will be able to satisfy a judgment for that debt continue to diminish.

The relevant documents and witnesses in this case are small in number. Discovery should not yet again be extended to accommodate Defendants' belated focus on a document and a witness—Exhibit I and Ms. O'Neill—that have nothing to do with the intent of the parties to the Guaranty.

## CONCLUSION

The Agent respectfully requests that the Court deny Defendants' Motion to Modify the Case Management Order to Allow the Deposition of Judy O'Neill, and that the Court enter an order setting a firm date for the close of all discovery.

December 27, 2010                                          Respectfully submitted,

*/s/ Melville W. Washburn*
Melville W. Washburn
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
        -and-
William T. Burgess (P36922)
DICKINSON WRIGHT, PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2010, I electronically filed JPMorgan Chase Bank, N.A.'s Response to Defendant's Motion to Compel Discovery and supporting documents using the CM/ECF system, which will send notice of this filing to the following counsel of record for Defendants:

John E. Anding
Drew, Cooper & Anding
125 Ottawa Avenue, NW
Suite 300
Grand Rapids, MI 49503
janding@dcadvocate.com

*/s/ John M. Skakun*
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603