**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-cv-13845-AC-MJH |
| | ) | |
| v. | ) | Hon. Avern Cohn |
| | ) | |
| LARRY J. WINGET and the | ) | Magistrate Judge Michael J. Hluchaniuk |
| LARRY J. WINGET LIVING TRUST, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF JPMORGAN CHASE BANK, N.A.'S
<u>REPLY IN SUPPORT OF ITS MOTION TO COMPEL</u>**

William T. Burgess (P36922)
DICKINSON WRIGHT, PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

Melville W. Washburn
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603

Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.

Plaintiff JPMorgan Chase Bank, N.A., as Administrative Agent (the "Agent"), respectfully submits this reply in support of its Motion to Compel (Dkt. 132).

## INTRODUCTION

Defendants state that they have produced all record books in their possession or control for entities that "were in existence at the time of the Eighth Amendment and in which either Winget or the Trust had an ownership interest at that time." (Defs. Br. 3.) Their response makes clear, however, that they have not produced the other record books and related ownership documents responsive to the Agent's Fourth Request for Production of Documents. Defendants argue that the withheld record books are not relevant. They are wrong. Those record books are relevant because they are evidence of Mr. Winget's long-standing practice of holding assets separate and apart from his Trust, that Mr. Winget and the Trust were not treated as equivalent in Mr. Winget's own business dealings, and that the difference between the obligations of Mr. Winget and the Trust under the plain language of the Guaranty is therefore fully consistent with Defendants' own practice and intent. Accordingly, the Agent reaffirms its request that the Court issue an order compelling full compliance with the Agent's Fourth Set of Requests for Production of Documents.[1]

## ARGUMENT

**I.  ALL OF THE REQUESTED DOCUMENTS ARE RELEVANT**

Defendants' argument that the record books and related documents that they have withheld are not relevant is fundamentally flawed. The requested documents are relevant because they are evidence of *Defendants*' intent. Defendants' counter-claim for reformation is

---

[1] This includes the request for "[a]ll documents not included in the 'record books' relating to the ownership interests" (Ex. B, attached to the Agent's Motion to Compel), about which Defendants have said nothing.

premised on their assertion that Winget and the Trust were and always had been treated as equivalent. (*See, e.g.*, Dkts. 20, 41.) That premise is demonstrably false. The withheld record books and other ownership documents at issue in the instant motion will prove that Defendants treated Mr. Winget and his Trust differently, strategically using them as separate and distinct owners of different assets within Mr. Winget's complex network of businesses both before and after the Eighth Amendment. The record books and ownership documents from before and after the Eighth Amendment will establish this long-standing pattern of Defendants' differentiating between Mr. Winget and the Trust when it suited their business purposes. This will demonstrate that the plain language of the Guaranty matched Mr. Winget's business practices, made business sense for him, and was intended to provide protection for certain assets he held personally, and not the business assets held by the Trust.[2]

Defendants' refusal to produce the requested documents is also based on their claim that the Agent did not seek information about the convoluted ownership structure of the business entities and assets held by Mr. Winget and the Trust at the time of the Eighth Amendment. (*See* Defs. Br. 4–6.) This too is false. The Agent repeatedly requested information regarding the ownership of the entities involved in the Eighth Amendment, falling back on the "Larry J. Winget or the Larry J. Winget Living Trust" formulation only when Defendants refused to provide such information. (*See, e.g.*, Ex. P, Thompson Dep. Tr. 156:20–161:20; Ex. Q,

---

[2] Defendants also object to case law cited by the Agent. (Defs. Br. 7–8.) These cases correctly illustrate that financial information is relevant to showing whether two related entities are, in fact, distinct. Furthermore, the fact that *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991), quoted the then-applicable version of Rule 26 does not mean it is "no longer good law" (Defs. Br. 7 n.5) simply because the Rule has been modified to replace "subject matter" with "claim." The court did not reason that financial information was relevant to the "subject matter" of the case, but rather that the information was relevant to the plaintiff's *claim* of alter ego liability in the case. *Id.* at 1367–68. Thus, the case is still good law on this point.

2

McKee Dep. Tr. 49:3–23, 125:1–128:24; Ex. R (emails from W. Shield requesting ownership information).)

## **CONCLUSION**

The Agent respectfully requests that the Court grant the Agent's Motion to Compel and order Defendants to produce all documents responsive to the Agent's Fourth Set of Requests for Production of Documents.

December 30, 2010                                             Respectfully submitted,

*/s/ Melville W. Washburn*
Melville W. Washburn
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
        -and-
William T. Burgess (P36922)
DICKINSON WRIGHT, PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2010, I electronically filed JPMorgan Chase Bank, N.A.'s Response to Defendant's Motion to Compel Discovery and supporting documents using the CM/ECF system, which will send notice of this filing to the following counsel of record for Defendants:

> John E. Anding
> Drew, Cooper & Anding
> 125 Ottawa Avenue, NW
> Suite 300
> Grand Rapids, MI 49503
> janding@dcadvocate.com

*/s/ John M. Skakun*
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603