UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/
    Counter-Defendant,

v

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/
    Counter-Plaintiffs.

Case No. 2:08-cv-13845

Hon. Avern Cohn
Magistrate Judge: Michael J. Hluchaniuk

---

William T. Burgess (P36922)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff/Counter-Defendant
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Ph:   (313) 223-3500
wburgess@dickinson-wright.com

Melville W. Washburn (IL ARDC 6195497)
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
Attorneys for Plaintiff/Counter-Defendant
One South Dearborn Street
Chicago, IL 60603
Ph:   (312) 853-7000
D/L:  (312) 853-2070
mwashburn@sidley.com
kpecoraro@sidley.com

John E. Anding (P30356)
Thomas V. Hubbard (P60575)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph:   (616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com

---

**JOINT STATEMENT OF RESOLVED AND UNRESOLVED ISSUES
FOR DEFENDANTS' MOTION TO COMPEL (DKT 133)**

1. **Certification re Conference:** The parties certify that they have conferred on the issues presented by Defendants' Motion to Compel (Dkt. No. 133) in an effort to narrow the areas of disagreement.

2. **Issues Remaining in Dispute:**

**Issue 1:** Should Plaintiff be required to produce its complete Credit File, including all organizational elements, such as tabs, dividers, and folios, without temporal restriction?

**Defendants' Position:**

Defendants/Counter-Plaintiffs Larry J. Winget and The Larry J. Winget Trust (collectively "Winget") requested production of "Plaintiff's Credit File" related to the 1999 Venture Credit Agreement—pursuant to which the guaranty at issue in this case was executed—more than two (2) years ago. To date, Chase has produced limited excerpts of the file, but admits to omitting dividers and tabs from its production. Pursuant to F.R.C.P. 34(b)(2)(E), Chase must produce the Credit File as it is kept in the usual course of Chase's business, including all of the tabs and dividers Chase left out of the initial production.

Further, Chase must produce the entire Credit File without applying the stipulated date restrictions applicable to other discovery. The Venture Credit File embodies Chase's internal analysis of its relationship with Winget from at least the time the 1999 Venture Credit Agreement was entered into by the parties. That Credit Agreement is the progenitor of the guaranty at issue in this case, which is part of the Eighth Amendment to the Credit Agreement. Documents and analyses undertaken or secured by Chase in connection with its credit relationship with Winget, regardless of time period, may be relevant to Chase's intent with regard to the scope of the Guaranty. Furthermore, in recent filings, Chase has argued that during the negotiation of the Eighth Amendment Winget was allegedly attempting to hide from Chase

2

the ownership structure of the entities that were subject to the Eighth Amendment. Having raised this argument, Chase cannot bar Winget from access to documents housed in Chase's own Credit File potentially showing that their allegations of concealment by Winget are entirely baseless, regardless of the time period in which those documents were created.

**Plaintiff's Position:**

The Agent has already produced all responsive, non-privileged pages from the Credit File. Defendants' attempt to manufacture a dispute over a handful of folder tabs that did not have any documents within them is baseless. Defendants already have pictures of all the tabs and organizing elements of the Credit File and closely examined two bank representatives about the structure and contents of the Credit File. The pictures and testimony make clear that there is no content missing from the Agent's production.

As for the chronological scope of the Agent's production, Defendants stipulated to a relevant time period. They cannot cry foul because the Agent properly excluded from its production pages from outside that time period. Defendants' convoluted argument that the earlier portions of the Credit File have somehow become relevant to the intent of the parties to the 2002 Guaranty is but another attempt to expand discovery and delay the resolution of this case.

**Issue 2:** Should Chase be required to produce and/or identify specific documents used to refresh the recollection Linda Thompson before her deposition?

**Defendants' Position:**

Former Chase employee Linda Thompson was deposed on August 11, 2010, and testified that, prior to her deposition, she had reviewed "a few" (less than ten (10)) documents with counsel for Chase. Winget has repeatedly requested the specific documents utilized to refresh

Ms. Thompson's recollection Pursuant to Fed. Rule of Evid. 612(2). Chase originally responded by identifying *every* document marked as an exhibit during the depositions of all Chase employees, totaling over 60 documents and more than 200 pages. Chase then attempted to narrow the potential universe of documents through pure speculation, but still refuses to identify the *specific* document(s) that prompted Ms. Thompson's refreshed recollection testimony.

Ms. Thompson's refreshed recollection testimony relates to a central issue in the case. Federal Rule of Evidence 612(2) mandates that Chase provide the specific document(s) used to refresh Ms. Thompson's recollection. In the absence of such identification, Ms. Thompson's refreshed recollection testimony should be deemed inadmissible in future proceedings in this matter.

**Plaintiff's Position:**

This is another non-issue that Defendants have tried to conjure into a dispute worthy of a motion to compel and this Court's time. *First*, the Agent's counsel has already identified the documents to the best of his recollection. *Second*, that identification has been more than sufficiently precise, identifying the documents as Defendants' own deposition exhibits, of which only 26 are even conceivably relevant to the single recollection that Ms. Thompson testified was refreshed. Rule 612 requires only a sufficient identification of documents so that Defendants may cross-examine Ms. Thompson about the narrow issue about which her recollection was refreshed. Surely Defendants are able to review 26 documents—all of which are already recognized by the parties as key documents in the case—for any relevance to Ms. Thompson's recollection.

4

Dated: January 13, 2011

/s/ John E. Anding
John E. Anding (P30356)
Thomas V. Hubbard (P60575)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph:    (616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com


/s/ Melville W. Washburn
Melville W. Washburn (IL ARDC 6195497)
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

William T. Burgess (P36922)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
wburgess@dickinson-wright.com

Attorneys for Plaintiff/Counter-Defendant

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated: January 13, 2011

/s/ John E. Anding
John E. Anding (P30356)
Thomas V. Hubbard (P60575)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph: (616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com

I:\UEATeam\2652-06\PLEADINGS\Unresolved Issues 1.12.11 (120136)