UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/
    Counter-Defendant,

v

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/
    Counter-Plaintiffs.

Case No. 2:08-cv-13845

Hon. Avern Cohn
Magistrate Judge: Michael J. Hluchaniuk

---

William T. Burgess (P36922)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff/Counter-Defendant
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Ph:   (313) 223-3500
wburgess@dickinson-wright.com

Melville W. Washburn (IL ARDC 6195497)
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
Attorneys for Plaintiff/Counter-Defendant
One South Dearborn Street
Chicago, IL 60603
Ph:   (312) 853-7000
D/L:  (312) 853-2070
mwashburn@sidley.com
kpecoraro@sidley.com

John E. Anding (P30356)
Thomas V. Hubbard (P60575)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph:   (616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com

---

**JOINT STATEMENT OF RESOLVED AND UNRESOLVED ISSUES
FOR DEFENDANTS' MOTION TO MODIFY THE CASE MANAGEMENT ORDER
TO ALLOW THE DEPOSITION OF MS. JUDY O'NEILL**

1.  **Certification re Conference:** The parties certify that they have conferred on the issues presented by Defendants' Motion to Modify Case Management Order (Dkt. No. 137) in an effort to narrow the areas of disagreement.

2.  **Issue Remaining in Dispute:** Whether the Case Management Order should be modified to allow the deposition of Ms. Judy O'Neill.

**Defendants' Position:**

Defendants should be permitted to depose Attorney Judy O'Neill to address the origin, dissemination, and approval of a critical document ("Exhibit I") which speaks directly to the parties' intent as to Defendants' exposure under the October 2002 guaranty. Specifically, "Exhibit I" describes the exposure of both Mr. Winget *and* his Living Trust under the October 2002 guaranty as "limited to pledged stock." Ms. O'Neill was the attorney responsible for the creation and distribution of "Exhibit I" during the Venture Bankruptcy proceedings, which would have included, at minimum, securing approval for the filing of the document from Plaintiff, a major secured creditor in the Venture Bankruptcy. Thus, "Exhibit I" and Ms. O'Neill's deposition are patently relevant to the central issue in this case.

The fact that Ms. O'Neill's involvement and the document's creation occurred after the execution of the guaranty does not render the document irrelevant, because Michigan law permits post-contract evidence to be used to establish intent. The relevance of "Exhibit I" is magnified by the fact that it was an attachment to the Second Amended Disclosure Statement which, with Plaintiff's knowledge and consent, was distributed to the interested parties in the Venture Bankruptcy.

"Exhibit I" was initially located by Defendants as an isolated PDF document produced by Plaintiff that was not associated in any manner to any other document. Through the course of discovery, Defendants questioned Plaintiff's witnesses regarding the origins of the document during their depositions, but no witness illuminated the circumstances or date of the document's creation. Nor did Plaintiff's counsel shed light upon the document's provenance until November 29, 2010, when it served Defendants with responses to specific discovery requests. Thereafter, Defendants were able to conclusively establish that the document was a component of the Second Amended Disclosure Statement, the drafting, approval and filing of which was the responsibility of Ms. O'Neill. The basis for the description of exposure of Defendants under the October 2002 guaranty as set forth in "Exhibit I," and additional information concerning its origin, dissemination, and approval are of critical importance to this case and can only be supplied by allowing the deposition of Ms. Judy O'Neill.

**Plaintiff's Position:**

Defendants have not shown good cause for further extending discovery with yet another deposition. The sole basis for their desire to depose Judy O'Neill, who served as lead counsel for the Venture Debtors, is a single document that is irrelevant to this case. "Exhibit I" was drafted a year-and-a-half after the Guaranty by individuals who were not involved in negotiating or drafting the Guaranty. Defendants' only argument that Exhibit I is relevant is based on their continued misunderstanding of the difference between collateral and a promise to pay: the document purports only to list the collateral supporting various entities' guaranties; it says nothing about the extent of those entities' guaranties.

Furthermore, Defendants were plainly not diligent in seeking Ms. O'Neill's deposition. Exhibit I was produced during the Venture bankruptcy. If Exhibit I truly were relevant,

3

Defendants would have conducted a rudimentary investigation of the surrounding pages which would have revealed that it was an exhibit to Venture's May 2004 disclosure statement filed by Ms. O'Neill's firm. For these reasons, Defendants' motion should be denied and discovery should be allowed to finally end.

Dated: January 14, 2011

/s/ John E. Anding
John E. Anding (P30356)
Thomas V. Hubbard (P60575)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph:	(616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com

*/s/ Melville W. Washburn*
Melville W. Washburn
Kevin C. Pecoraro
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Ph:	(312) 853-7000
D/L:	(312) 853-2070
mwashburn@sidley.com
kpecoraro@sidley.com

William T. Burgess (P36922)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Ph:	(313) 223-3500
wburgess@dickinson-wright.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated: January 14, 2011

/s/ John E. Anding
John E. Anding (P30356)
Thomas V. Hubbard (P60575)
DREW, COOPER & ANDING, P.C.
Attorneys for Defendants/
Counter-Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Ph:     (616) 454-8300
janding@dcadvocate.com
thubbard@dcadvocate.com

I:\JEATcam\2652-06\PLEADINGS\Unresolved Issues (2) 1.12.11(2) (120136)

5