UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,     Case No. 08-13845

        Plaintiff,     Avern Cohn
vs.     United States District Judge

LARRY J. WINGET, *et al.*,     Michael Hluchaniuk
                                       United States Magistrate Judge

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION (Dkt. 149)**

On December 12, 2010, the Court entered an order on the motions to compel filed by the parties. (Dkt. 139). Defendants have filed a motion for reconsideration of this Court's order, as it relates to the decision regarding the Ernst & Young documents. (Dkt. 149).

According to E.D. Mich. LR 7.1(h), there are two prerequisites that an aggrieved party must establish in order to have its request for reconsideration favorably evaluated by the Court. *McLean v. Washtenaw County*, 2008 WL 4167085 (E.D. Mich. 2008). First, the motion must have been filed in a timely manner, that is, within 14 days after entry of the order. E.D. Mich. LR 7.1(h)(1). Here, defendants timely filed their request. Second, the movant must satisfy certain minimum standards for review:

1

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). After careful and considered review of defendants' motion for reconsideration, the Court can only conclude that defendants have failed to demonstrate a palpable defect and have primarily presented the same arguments and issues already disposed of by the Court and, save one issue.

With respect to their claim of substantial need, defendants argue that the Court improperly placed the burden on them to prove that the documents were *not* opinion work product. In its earlier order, the Court wrote: "In this case, while there may be 'facts' used or intertwined with (which is often the case) the analyses performed by EY for counsel in anticipation of litigation, the reports at issue appear to be opinion-based work product and defendants have not established otherwise." The Court should have chosen its words more carefully and will now clarify its earlier ruling.

The Court concludes that, to the extent that the EY analyses contained "fact" work product, that fact work product was inextricably intertwined with "opinion" work product and thus, was not subject to the substantial need test. Fact work product is the "written or oral information transmitted to the attorney and recorded

2

as conveyed by the client," and may be obtained on a showing of substantial need and inability to otherwise obtain without material hardship. *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002), quoting, *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986). Absent waiver, however, a party may not obtain the "opinion" work product of his adversary; i.e., "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *Id*., quoting, *In re Antitrust Grand Jury*, 805 F.2d at 163-64 (citations omitted). There is no question that the EY analyses were prepared for use by attorneys, in anticipation of litigation, and involve the opinions, theories, and mental impressions of the attorneys directing EY's work. To the extent that such opinions and analyses contain "fact" (which is virtually always going to the case), defendants have not established that any "facts" utilized in the EY reports were not otherwise discoverable using other methods of discovery. That is, defendants have not satisfied their burden of establishing that they cannot "without undue hardship, *obtain their substantial equivalent by other means*." Fed.R.Civ.P. 26(b)(3)(A)(ii) (emphasis added). Based on the foregoing, defendants' motion for reconsideration is **DENIED**.

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28

U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: January 21, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on January 21, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Melville W. Washburn, William T. Burgess, John E. Anding, and Thomas V. Hubbard.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov