UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff/Counter-Defendant,

v.                                                             Case No. 08-13845

LARRY WINGET and the LARRY WINGET          HON. AVERN COHN
LIVING TRUST,

    Defendants/Counter-Plaintiffs.

_____/

**MEMORANDUM AND ORDER DENYING**
**PROPOSED DEFENDANT PIM MANAGEMENT COMPANY'S**
**MOTION TO INTERVENE UNDER RULE 24 (Doc. 269)**

**I. Introduction**

This is a commercial finance dispute. Plaintiff/Counter-Defendant JPMorgan Chase Bank, N.A. (Chase) is the Administrative Agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a Credit Agreement.[1] Chase is suing defendants/counter-plaintiffs Larry Winget (Winget) and the Larry Winget Living Trust (Winget Trust) to enforce a guaranty and two pledge agreements entered into by Winget and the Winget Trust in 2002 in which they guaranteed the obligations of Venture, a company owned and controlled by Winget and/or the Winget Trust. Chase makes three claims, as follows:

    Count I       Enforcement of Guaranty Against the Winget Trust

    Count II      Enforcement of Guaranty Against Winget

---

[1] Bank One, NA, was the Administrative Agent for the lenders. It merged with JP Morgan in 2004 to form JP Morgan Chase Bank, N.A.

  Count III  Enforcement of Pledge Agreements Against Winget and the Winget Trust

As to Count I, Winget and the Winget Trust have filed a counterclaim seeking reformation of the Guaranty. A bench trial on the counterclaim is scheduled to begin on Monday, August 6, 2012.

  Before the Court is Proposed Defendant PIM Management Company's Motion to Intervene under Rule 24 in Chase's case. For the reasons that follow, the motions is DENIED.

### III. Background/ Parties Arguments

  As noted above, Chase's case seeks to enforce Winget and the Winget's Trust's guaranties and pledges of their ownership interests in P.I.M. Management Company (PIM) and Venco #1 L.L.C. (Venco) made in two pledge agreements.

  On March 13, 2012, Winget and the Winget Trust moved to amend their affirmative defenses for Count III, alleging that PIM, which also pledged certain interests but was not a party to the pledge agreements, had "substantive rights under, and defenses to the enforcement of" the pledge agreements and that such rights would be "extinguished" if PIM was not joined as a party.

  On May 21, 2012, the Court denied that motion because (1) enforcement of the pledge agreements will not affect PIM's rights; and (2) the motion was untimely. See Ex. A to the Agent's Motion, May 21, 2012, Transcript of Hearing at p. 61 (hereafter "Transcript.").

  On May 31, 2012, Winget and the Winget Trust filed the instant motion, contending again that PIM has interests in the pledge agreements and that its interests will be "nullified" if PIM is not allowed to intervene.

Chase says the motion should be denied because (1) the Court already ruled on the issue; (2) it is untimely; (3) PIM has no interest in its case; and (4) the motion does not show how current representation is inadequate. The Court agrees.

## B. Resolution

An applicant for intervention under Fed. R. Civ. P. 24(a)(2) must show that (1) the applicant has timely applied to intervene, (2) the applicant has a substantial legal interest in the pending litigation, (3) the applicant's ability to protect that interest is impaired, and (4) the parties before the court do not adequately represent that interest. Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 395 (6th Cir. 1993). Under Fed. R. Civ. P. 24(b)(1), a court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(3) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Thus, under either 24(a) or (b), a defendant must show that (1) the motion is timely and (2) it has substantial interest in the case which is not adequately represented. The Court has already determined that PIM does not satisfy either of these requirements.

As to an interest in Chase's case, the Court stated "P.I.M. is not a party to the contracts at issue in this case, and enforcement of Defendants' Pledges will not affect, let alone 'extinguish,' any contractual rights that P.I.M. may have." Transcript at p. 61. Winget and the Winget's Trust's motion simply restates its argument that the Agent is attempting to "gain control" of Venture Holdings B.V. (BV) and Venture Asia Pacific (AP) through improper use of the pledge agreements. However, section 12 of the pledge

3

agreements impose restrictions on Chase's conduct as to PIM, BV, and AP. As Chase states "[s]ection 12 [of the PIM pledge agreement] ensures that [Chase's] collection actions are limited to PIM's interests in BV and AP, <u>and that [Chase] will not affect any of PIM's other operations or assets that are unrelated to BV and AP while liquidating the interests in BV and AP</u>." (Doc. 250 at p. 8) (emphasis added).

As to timeliness, the Court held that "Defendants could, and should, have argued that P.I.M. was a necessary party a long time ago" and that "[t]he posture of Count III has never changed." Id. Chase filed this case nearly four years ago, on September 8, 2008. Moreover, litigation between the parties relating to the guaranties and pledge agreements began with a case Chase filed in 2005 and a case Winget filed in 2006. PIM has no explanation for the delay in seeking to assert its alleged rights.

Finally, the motion was brought by counsel for Winget and the Winget Trust on behalf of PIM. This point is not inconsequential. Intervention requires that the existing parties do not adequately represent the intervenor's interest." Rule 24(a)(2). Given the commonality of counsel, and the fact that PIM is beneficially owned by defendants, the Court is hard pressed to see how intervention is warranted. There is no reason to believe that PIM's representation of itself, by the same counsel, will be materially different from Winget and the Winget Trust's representation of PIM's alleged interest.

SO ORDERED.

Dated: July 31, 2012          S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 31, 2012, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5160

4