UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, NA

    Plaintiff,

v.                                                                                            Case No. 08-13845

LARRY WINGET and the LARRY WINGET                           HON. AVERN COHN
LIVING TRUST,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING WITHOUT PREJUDICE
WINGET'S MOTION FOR RECONSIDERATION OF ORDER REGARDING WINGET'S
MOTION TO COMPEL DISCOVERY ON COUNTS II AND III (Doc. 334)
AND
CHASE'S MOTION FOR A PROTECTIVE ORDER PROHIBITING WINGET FROM
DEPOSING RICHARD BABCOCK, ROY GALLAGHER, AND LARRY NYHAN
(Doc. (342)**

    This is a commercial finance dispute. Plaintiff/Counter-Defendant JPMorgan Chase Bank, N.A. (Chase) is the Administrative Agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a Credit Agreement.[1] Chase is suing defendants/counter-plaintiffs Larry Winget and the Larry Winget Living Trust (collectively Winget) to enforce a guaranty and two pledge agreements entered into by Winget and the Winget Trust in 2002 in which they guaranteed the obligations of Venture, a company owned and controlled by Winget and/or the Winget Trust. Chase makes three claims, as follows:

---

[1] Bank One, NA, was the Administrative Agent for the lenders. It merged with JP Morgan in 2004 to form JP Morgan Chase Bank, N.A.

| | |
|---|---|
| Count I | Enforcement of Guaranty Against the Winget Trust |
| Count II | Enforcement of Guaranty Against Winget |
| Count III | Enforcement of Pledge Agreements Against Winget and the Winget Trust |

Winget filed a counterclaim on Count I seeking reformation of the Guaranty as to the Winget Trust. A bench trial on Count I was held last month. A decision on the counterclaim is pending.

Before the Court are the following motions:[2]

Winget's Motion for Reconsideration of Order Regarding Winget's Motion to Compel Discovery on Counts II and III

Chase's Motion for a Protective Order Prohibiting Winget from Deposing Richard Babcock, Roy Gallagher, and Larry Nyhan

For the reasons stated on the record on September 19, 2012, the motions are DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated:  September 21, 2012         S/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 21, 2012, by electronic and/or ordinary mail.

                                   S/Julie Owens
                                   Case Manager, (313) 234-5160

---

[2] Also before the Court is Winget's Motion for Summary Judgment on Count I Based on *Res Judicata* (Doc. 345), filed on September 10, 2012. Chase shall file a response to the motion in the time permitted under the local rules. Peculiarly, Winget's motion is only directed to Count I and does not explain why Counts II and III are not included. As the Court noted, it would seem that if Winget prevailed on his res judicata defense on Count I, it would carry over to Counts II and III. Liability of Winget and the Winget Trust in terms of enforcing the Pledge Agreements is one and the same.