UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff/Counter-Defendant,

v.                                                 Case No. 08-13845
                                                  HON. AVERN COHN

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

    Defendants/Counter-Plaintiffs.

_____/

**ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
ON COUNT I BASED ON *RES JUDICATA* (Doc. 345)**

I.

This is a commercial finance dispute.  Plaintiff, JP Morgan Chase Bank, N.A. (Chase, hereafter Agent)[1] is the Administrative Agent for a group of lenders which includes the Agent, that initially extended credit to Venture Holdings Company, LLC (Venture) in 1999 under a Credit Agreement.  Venture defaulted on the Credit Agreement and eventually went into bankruptcy.  Currently, over 400 Million Dollars is unpaid under the Credit Agreement.  The Agent is suing defendants, Larry Winget (Winget) and The Larry Winget Living Trust (Winget Trust) to enforce a Guaranty and two (2) Pledge Agreements entered into by Winget and signed by Winget and the

---

[1]Initially, the Administrative Agent was First National Bank of Chicago; JP Morgan Chase Bank, N.A. is the successor, by merger, to First National Bank of Chicago.  In its papers, the Agent has referred to itself as Chase, at the Court's direction.  For purposes of this decision, the Court prefers to use the term Agent, rather than Chase.

Winget Trust in 2002, guaranteeing the obligations of Venture under the Credit Agreement.  The Guaranty and Pledge Agreements are part of the Eighth Amendment To Credit Agreement.  The Agent makes three (3) claims:

> Count I        Enforcement of Guaranty Against the Winget Trust
>
> Count II       Enforcement of Guaranty Against Winget
>
> Count III      Enforcement of Pledge Agreements Against Winget and the Winget Trust

Before the Court is Winget is Winget's Motion For Summary Judgment On Count I Based on *Res Judicata* (Doc. 345).[2]  The Agent has responded (Doc. 358), and Winget has replied.  (Doc. 362).  For the reasons that follow, the motion is DENIED.

## II.

Winget says he and the Larry Winget Living Trust (Winget Trust) are entitled to judgment as a matter of law on Count I of the complaint (Doc. 1) on the grounds that the Agent failed to bring the claim the Winget Trust has unlimited liability in two (2) prior lawsuits between the parties, to wit: a 2005 case (Case No. 05-CV-74141) and a 2004 case (Case No. 04-4564 Bkr. E.D. Mich.).  Winget's position has no merit.

The 2005 case is explained in *JP Morgan Chase Bank, N.A. v. Larry J. Winget and The Larry J. Winget Living Trust*, 510 F3d 577, 585 (6th Cir. 2007):

> JP Morgan has an explicit right to inspect the financial records of Winget and the companies he controls in order to ensure that there is sufficient collateral to satisfy Winget's

---

[2] Also pending before the Court is a decision on Winget's counterclaim for reformation as to Count I.  In a footnote in its reply brief, Winget says that a favorable decision on its counterclaim does not moot the present motion.  While the Court is not inclined to agree with Winget on this point, it make no difference in light of the fact that the Court has denied Winget's motion.

>debt if JP Morgan needs to enforce its security interest at a later time.

Inspection rights was the sole issue in the 2005 case. There is no identity between this claim and the claim of unlimited liability asserted in this case.

The 2004 case was an adversary proceeding in the Venture bankruptcy to enforce a Contribution Agreement. That action was based on different facts, involved different rights of action and different evidence. There is no identity between the claims in this case and Chase's claim in this action. *Res judicata* "bars a party from bringing any claim that should have been litigated in the earlier proceeding." *Winget v. JP Morgan Chase Bank*, N.A., 537 F3d 565, 580 (6th Cir. 2008). As stated in the Agent's response brief (Doc. 358, p. 10):[3]

>Winget has provided no reason that [JP Morgan] should have brought this claim in the. . .2004 Adversary Proceeding.

SO ORDERED.

Dated: October 17, 2012         S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 17, 2012, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160

---

[3] The Agent also says, in a footnote, the motion should be denied because it violates E.D. Mich. LR 7.1(b) which permits only one motion for summary judgment without leave of Court. The Agent's argument is based on a mistake of fact. Winget withdrew the prior motion for summary judgment. See Doc. 186, motion for summary judgment and Doc. 212, withdrawing the motion. Thus, only one summary judgment motion was filed. The Agent was derelict in not so advising the Court.