UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JP MORGAN CHASE BANK, N.A.,

       Plaintiff/Counter-Defendant,

v.                                        Case No. 08-13845
                                        Hon: AVERN COHN

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

       Defendants/Counter-Plaintiffs.

_____/


## <u>SCHEDULING ORDER</u>

I.

      This is a commercial dispute.  On October 31, 2012, the Court held a status conference on the record to set the case on a course for trial.  Trial is set to begin on January 22, 2013, on Counts I, II and III of the complaint.

      At the conference the issues for trial were defined.  The issues are:

      1.     The enforceability of the Pledge Agreements relating to P.I.M. Management Company and Venco #1, L.L.C., in light of the pledge of shares in Venture Holdings, B.V. and the pledge of shares in Venture Asia Pacific, (Pty) Ltd.

      2.     Reasonableness of the efforts by Chase to sell the collateral remaining subsequent to the sale of Venture's assets in the bankruptcy court.

      3.     The text of the judgment to be entered in favor of Chase should it prevail at trial.

II.

Two (2) discovery motions are pending:  Winget's Renewed Motion For Reconsideration Of Order Regarding Motion To Compel (Doc. 375) and Chase's Motion For A Protective Order (Doc. 377).  These motions are resolved as follows:

1.      Chase shall produce in an unredacted form any documents previously produced in a redacted form.  Should Chase maintain that the redactions ought to be continued, such documents shall be produced to the Court in an unredacted/redacted form for *in camera* review, together with a memorandum in support of the reasoning for the redactions.  Prior to any order requiring production of the documents in an unredacted form, the Court will hold a hearing.

2.      Chase shall produce any Problem Credit Report(s) (PCRs) or Credit Approval Summary (CAS) relating to Venture not previously produced.

3.      Chase shall produce any memoranda relating to the timing of the sale of the collateral sold by it.  Chase shall also produce any Ernst & Young Financial (EYCF) memoranda relating to timing.

4.      Winget shall have the right to depose David Morrow, Larry Nyhan, Richard Babcock, Roy Gallagher, Edgar Howbert and David Morrow.  Each deposition shall be limited to two (2) hours unless the parties agree otherwise.  If the parties are unable to agree on additional time, this issue shall be immediately brought to the attention of the Court.

III.

The parties shall promptly lodge with the Court a draft form of judgment appropriate to the circumstances of Chase prevailing at trial.

2

IV.

Any objections to this order shall be filed within five (5) business days.

SO ORDERED.


 S/Avern Cohn                                    
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  November 1, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 1, 2012, by electronic and/or ordinary mail.


 S/Julie Owens                       
Case Manager, (313) 234-5160

3