UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff/Counter-Defendant,

v.                                                Case No. 08-13845
                                                HON. AVERN COHN

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

    Defendants/Counter-Plaintiffs.
_____/

**MEMORANDUM AND ORDER DENYING WINGET'S RENEWED MOTION TO DEFER CONSIDERATION OF CHASE'S MOTION FOR SUMMARY JUDGMENT (Doc. 403)[1]**

I.

This is a commercial finance dispute. Plaintiff/Counter-Defendant JPMorgan Chase Bank, N.A. (Chase) is the Administrative Agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a Credit Agreement.[2] Chase is suing defendants/counter-plaintiffs Larry Winget and the Larry Winget Living Trust (collectively Winget) to enforce a guaranty and two pledge agreements entered into by Winget and the Winget Trust in 2002 in which they guaranteed the obligations of Venture, a company owned and controlled by Winget and/or the Winget Trust. Chase makes three claims, as follows:

    Count I        Enforcement of Guaranty Against the Winget Trust

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Bank One, NA, was the Administrative Agent for the lenders. It merged with JP Morgan in 2004 to form JP Morgan Chase Bank, N.A.

    Count II        Enforcement of Guaranty Against Winget

    Count III       Enforcement of Pledge Agreements Against Winget and the Winget Trust

On October 2012, the Court entered a decision on reformation as to Count I (Doc. 365). Count I (as reformed) and Count II are effectively the same. The parties have engaged in contentious discovery, and disagreed over the issues for trial on Chase's complaint. All of this culminated in Chase filing a motion for summary judgment on what has been called Winget's "enforceability" and "delay" defenses. (Doc. 391). Winget has twice moved to defer consideration of Chase's motion pending additional discovery (Docs. 393, 403). Before the Court is Winget's renewed (second) motion to defer consideration. For the reasons that follow, the motion will be denied.

## II. Background

Following the decision on reformation, on October 31, 2012, the Court held a status conference on the record to set the case on a course for trial. Following the conference, the Court entered an Amended Scheduling Order outlining the issues for trial as follows:

> 1. The enforceability of the Pledge Agreements relating to P.I.M. Management Company and Venco #1, L.L.C., in light of the pledge of shares in Venture Holdings, B.V. and the pledge of shares in Venture Asia Pacific, (Pty) Ltd. (a/k/a the "enforceability" defense)
>
> 2. Reasonableness of the efforts by Chase to sell the collateral remaining subsequent to the sale of Venture's assets in the bankruptcy court (implicated in this issue is Winget's "delay" defense, which has also incorporated a "going concern" and "Hydundai" defense)
>
> 3. The text of the judgment to be entered in favor of Chase should it prevail at trial.

(Doc. 384). The Amended Scheduling Order also resolved two pending discovery motions.

On November 15, 2012, Chase filed an objection to the Amended Scheduling Order (Doc. 386), contending that issues outlined as 1 and 2 involve legal questions. More specifically, Chase argued that enforceability and delay defenses (1) do not require any additional discovery, and (2) may be decided upon in a motion for summary judgment which Chase proposed filing. Indeed, that same say Chase filed a motion for leave to file a motion for summary judgment and to stay discovery. (Doc. 387). Winget opposed the motion (Doc. 389), contending that discovery was indeed necessary on the issues in 1 and 2 as they presented contained questions of fact, not law.

Eventually Chase was permitted to file, and did file on December 4, 2012, a motion for summary judgment on Winget's enforceability and delay defenses. (Doc. 391). The motion was accompanied by a statement of undisputed facts and exhibits. (Doc. 392)

On December 17, 2012, Winget filed its first motion to defer consideration on Chase's summary judgment motion with exhibits. (Doc. 393). On December 18, 2012, following a phone conference on the record, the Court directed Winget to file a response to Chase's summary judgment motion. The Court also entered an order denying Winget's motion to defer consideration without prejudice "to Winget's right to raise the lack of discovery as a defense to the [summary judgment] motion. (Doc. 390).

On January 9, 2013, Winget filed a comprehensive response to Chase's motion, with exhibits (Doc. 401). Winget also filed a response to Chase's statement of undisputed facts which included additional facts. (Doc. 402). Winget also separately

3

filed on that date a renewed motion to defer consideration of Chase's motion, with exhibits, again contending that discovery was necessary to fully respond to Chase's motion. (Doc. 403).

On January 28, 2013, Chase filed a reply (Doc. 410) and a response to Winget's additional facts, with exhibits (Doc. 411) to its motion. Chase also filed on that date a response to Winget's renewed motion to defer consideration. (Doc. 412). Winget later filed a reply to its motion to defer consideration. (Doc. 413).

Following resolution of pending discovery disputes, on June 3, 2013, Winget filed the following:

1. A second comprehensive response to Chase's motion for summary judgment, with exhibits. (Doc. 439).

2. A supplemental statement of material facts. (Doc. 443).

3. A supplemental brief regarding its renewed motion to defer consideration, with an exhibit. (Doc. 444)

On June 17, 2013, Chase filed the following:

1. A supplemental reply to its summary judgment motion (Doc. 446)

2. A response to Winget's supplemental statement of material facts. (Doc. 447).

3. A supplemental response to Winget's supplemental brief on the renewed motion to defer consideration (Doc. 448).

Needless to say, the parties have fully presented their positions on Winget's renewed motion to defer consideration and Chase's summary judgment motion.

III.

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it

cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). This Rule "recognizes that there are instances when a party lacks the necessary facts to properly contest a summary judgment motion." CareToLive v. FDA, 631 F.3d 336, 345 (6th Cir. 2011). The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir.2000) (citing Radich v. Goode, 866 F.2d 1391, 1393–94 (3d Cir. 1989)). Whether or not to grant a request for additional discovery falls within the trial court's discretion. Egerer v. Woodland Realty, Inc., 556 F.3d 415, 426 (6th Cir. 2009).

## IV.

### A.

As an initial matter, the Court does not question whether the Rule 56(d) Affidavit of Winget's counsel (Doc. 403-2) and Supplemental Rule 56(f) Affidavit (Doc. 444-1) comply with Rule 56(f) requirements in terms of setting forth the requested discovery in terms. The problem for Winget, however, is whether the requested discovery is in fact necessary in order to fully respond to Chase's summary judgment motion. It is not.

### B.

Chase's motion for summary judgment addresses three issues: (1) whether the Winget-PIM Pledge is enforceable; (2) whether res judicata precludes Winget from

raising defenses based on asset dispositions, business decisions, and any other events in the Venture bankruptcy; and (3) the meaning of the Last Resort Provision. If the motion for summary judgment were granted, it would bar Winget's enforceability and delay defenses.

The discovery Winget seeks in its renewed motion to defer consideration is as follows:

> • Through targeted ESI and written discovery, documents relevant to: (1) the drafting, negotiation, and execution of Winget's Pledge of P.I.M. and Winget's Pledge of Venco; (2) the drafting, negotiation, and execution of P.I.M.'s Pledge of Venture BV and the Deed of Acknowledgement provided in connection with the pledging of the stock of Venture AP; (3) the parties' intent and understanding of the relationship between the 8th Amendment, the Winget Pledges, and the Foreign Pledges; and (4) the reasonableness of Chase's efforts to dispose of collateral to satisfy the debt before attempting to enforce the Pledge Agreements.
>
> • The depositions of: (1) the employees of Chase involved in drafting, negotiating, and monitoring the Winget Pledges and the Foreign Pledges, which Winget believes are Richard Babcock and Linda Thompson; (2) the Dickinson Wright lawyers involved in drafting, negotiating, and monitoring the Winget Pledges and Foreign Pledges, which Winget believes are Dawn Faxon-Singer, David Morrow, William Shield, and Edgar Howbert; (3) the representatives of Venture involved in the drafting, negotiating, and monitoring of the Winget Pledges and the Foreign Pledges, which Winget believes are Barbara Kaye and Darrell Pierce;5 (4) the Sidley Austin lawyers involved in disposing of Venture assets after its default under the 8th Amendment in an effort to satisfy Venture's obligations thereunder, which Winget believes are Larry Nyhan and Matthew Clemente; and (5) the financial advisors who assisted Chase in formulating its strategy for disposing of Venture's assets, which Winget believes are Roy Gallagher and Lisa Neimark.

Winget now seeks nine seven-hour depositions and additional electronic document discovery from ten entities. Interestingly, in its first motion to defer consideration, Winget asked for six depositions and a limited set of documents with no new electronic discovery protocol. The expanding set of discovery requests is not explained. However, it is fair to say that the expansion is consistent with Winget's repeated

6

contention that he is entitled to more discovery than he has received, or been permitted to receive.

Putting aside that Winget has filed two comprehensive responses to Chase's summary judgment motion, none of the outlined discovery is necessary for Winget to respond to Chase's summary judgment motion. Chase is correct when it says that the first and third issues raise only legal questions of contract interpretation. See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 544 (6th Cir. 2007) (contract interpretation is a legal question). The material facts for these issues are found in the language of the Winget-PIM Pledge and the Last Resort Provision. The language is not ambiguous, and therefore there is no fact question regarding the parties' intent. See Shay v. Aldrich, 790 N.W.2d 629, 641 (Mich. 2010). Rather, the parties offer differing interpretations of the same language, which the Court will have to resolve in ruling on Chase's motion.

The second issue raises only a legal question of res judicata. See LaSalle Bank, N.A. v. Legacy, 181 F. App'x 501, 502 (6th Cir. 2006); Knox Cnty. Educ. Ass'n v. Knox Cnty. Bd. of Educ., 158 F.3d 361, 370 (6th Cir. 1998). The material facts for this res judicata issue are the parties' participation in the Venture bankruptcy proceeding and court orders approving disposal of particular collateral. See Winget v. JPMorgan Chase Bank, N.A., 537 F.3d 565, 575–76 (6th Cir. 2008). These facts are not disputed. No additional discovery is necessary.

V.

The record shows that Winget has had discovery on all counts of Chase's complaint. Winget's apparent dissatisfaction with the amount and/or scope of that

7

discovery does not entitle it to more discovery.  The Court is in a position to go forward with a decision on Chase's summary judgment motion on the record as it stands. Accordingly, Winget's renewed motion to defer consideration is DENIED.

    SO ORDERED.

                              S/Avern Cohn  
                              AVERN COHN  
                              UNITED STATES DISTRICT JUDGE

Dated: July 1, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 1, 2013, by electronic and/or ordinary mail.

                              S/Sakne Chami  
                              Case Manager, (313) 234-5160