## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-cv-13845 |
| | ) | |
| v. | ) | Hon. Avern Cohn |
| | ) | |
| LARRY J. WINGET and the | ) | |
| LARRY J. WINGET LIVING TRUST, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CHASE'S MOTION FOR ENTRY OF FINAL JUDGMENT

Melville W. Washburn
John M. Skakun III
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603

Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.

Plaintiff JPMorgan Chase Bank, N.A., as Administrative Agent, moves for entry of final judgment, in accordance with Federal Rule of Civil Procedure 54, against Defendants Larry J. Winget and the Larry J. Winget Living Trust.  A proposed final judgment is attached as Exhibit A to this motion.

A supporting brief accompanies this Motion.  Counsel for Defendants indicated at the September 24, 2013, status conference that they would not concur in the relief sought.

October 1, 2013                                             Respectfully submitted,

                                                                      */s/ Melville W. Washburn*
                                                                      Melville W. Washburn
                                                                      John M. Skakun III
                                                                      SIDLEY AUSTIN LLP
                                                                      1 South Dearborn Street
                                                                      Chicago, IL 60603

                                                                      Attorneys for Plaintiff
                                                                      JPMorgan Chase Bank, N.A.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., )<br><br>Plaintiff, )<br><br>v. )<br><br>LARRY J. WINGET and the )<br>LARRY J. WINGET LIVING TRUST, )<br><br>Defendants. )<br>) | No. 08-cv-13845<br><br>Hon. Avern Cohn |

**CHASE'S BRIEF IN SUPPORT OF ITS**
**MOTION FOR ENTRY OF FINAL JUDGMENT**

Melville W. Washburn
John M. Skakun III
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603

Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.

Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), as Administrative Agent, submits this brief in support of its motion for entry of final judgment against Defendants Larry J. Winget ("Mr. Winget") and the Larry J. Winget Living Trust (the "Trust"; collectively, per the Court's request, "Winget").

## ARGUMENT

On October 17, 2012, this Court issued its Decision on Reformation.  (Dkt. 365.)  On August 21, 2013, this Court issued a Memorandum and Order Granting Chase's Motion for Summary Judgment (the "August Memorandum and Order").  (Dkt. 450.)  Those two rulings resolved all outstanding issues of fact and law raised by the pleadings in this case.  The only matter of substance left in this case is entry of final judgment.  Chase respectfully requests that the Court enter final judgment in the form attached as Exhibit A.

## I.    THE COURT'S RULINGS HAVE RESOLVED ALL GENUINE ISSUES IN THIS CASE.

In its Decision on Reformation, the Court ruled in favor of Winget on his Counterclaim as to Count I of the Complaint, ruling that Section 3 of that certain Guaranty, dated October 21, 2002, executed by Mr. Winget and the Trust in favor of Bank One, N.A., for the benefit of itself and the Lenders under the Credit Agreement (the "Guaranty"), was reformed (text added in bold) to read in relevant part as follows:

> . . . no action will be brought for the repayment of the Guaranteed Obligations under this Guaranty and no judgment therefor will be obtained or enforced against Larry Winget **and The Larry J. Winget Living Trust** other than with respect to the Pledged Stock . . . .

(Dkt. 365.)  This reformation resolves all of the issues raised by the parties concerning Winget's Counterclaim.

In its August Memorandum and Order, the Court held that the only issue remaining for

trial is:

> [W]hether Chase has satisfied the Last Resort Provision . . . .  The
> only factual question raised by that issue is whether there is any
> more 'other collateral' that Chase has not yet made reasonable
> efforts to collect on which remains unliquidated.

(Dkt. 450 at 6.)

However, this factual question was also fully resolved in the August Memorandum and

Order.  The Court found that it is undisputed that all of the Other Collateral referenced by the

Last Resort Provision "were assets of Venture and Deluxe, and were therefore subject to the

Venture and Deluxe bankruptcy proceedings." (*Id.* at 7.)  The Court also found that it is

undisputed that "the Venture and Deluxe debtors-in-possession sold their operating assets as [a]

going concern," and that "the only remaining Other Collateral for purposes of the Last Resort

Provision" was subsequently disposed of.  (*Id.* at 7–9.)

Thus, the only factual question raised by the Last Resort Provision has been resolved:

there is no more "Other Collateral" that remains unliquidated.  Moreover, Winget has no

remaining defenses to final judgment.  The Court held that Winget is barred by *res judicata* from

challenging the disposition of assets that were liquidated in accordance with bankruptcy court

orders or by order of this Court.  The Court further found that all of the Excluded Assets

identified in Chase's complaint and motion papers have now been disposed of pursuant to orders

of those courts and that Winget is therefore precluded from challenging the disposition of those

assets. (*Id.* at 8–9, 13–14.)

Since this case was filed in 2008, Winget has identified only one "asset" not previously

identified by Chase—the Hyundai proposal.  (*Id.* at 16.)  The Court found that Winget is

precluded from challenging the disposition of this "asset" for the same reasons discussed above:

2

the proposal was presented to the Bankruptcy Court and any challenges should have been raised

in that forum.  Further, and independently dispositive, the Court found that, because the Hyundai

proposal never came to fruition, it is not "collateral held by the Agent . . . which remains

unliquidated" and is therefore not within the scope of the Last Resort Provision.  (*Id.*)

In sum, there remain no factual issues for trial and no defenses to judgment.  Chase has

satisfied the Last Resort Provision, and it is entitled to judgment in its favor on Counts I, II, and

III.  Chase requests that the Court retain jurisdiction for the purposes of (i) determining the

amount of costs, expenses (including attorney's fees), and interest to be recovered from Winget;

(ii) supervising enforcement of this Judgment, including any disposition of the stock of P.I.M.

Management Company and Venco #1 L.L.C.; and (iii) deciding Winget's motions for sanctions

pursuant to Fed. R. Civ. P. 11 (Dkt. 356) and pursuant to 28 U.S.C. §1927 (Dkt. 380).  These

ancillary matters should not impede the entry of final judgment on the claims and counterclaim

of the parties, which should be done immediately.

## II.      WINGET'S ATTEMPTS TO PROLONG THIS CASE ARE BASELESS.

At the September 24, 2013, conference, Winget argued that seven issues preclude entry

of final judgment at this time.  These issues, however, have been (i) resolved by the rulings

discussed above, (ii) resolved by other rulings previously entered by the Court, or (iii) can be

resolved by this Court now, as a matter of law, without further proceedings.

First, Winget claims that Chase has not "put in evidentiary proofs on [its] reasonable

efforts in connection with the elimination of the other collateral," and that the Court has "defined

the reasonable efforts provision, but [has] not applied that provision to any facts that have been

advanced by Chase and so there's been no finding."  (Tr. 5.)  As explained above, this is wrong.

The Court found that Winget is precluded by *res judicata* from challenging the reasonableness of

the collateral that has been liquidated to date.  The Last Resort Provision applies to collateral

"which remains unliquidated." (Dkt. 450 at 6.)  The Court found that no collateral "remains unliquidated." (*Id.*)  As to satisfying the Last Resort Provision, there is nothing left to prove.

Second, Winget argues that the Court must decide "whether or not a money judgment can be entered in connection with either of these first two counts." (Tr. 5–6.)  This is a matter of contract interpretation, and can thus be decided by the Court as a matter of law.  More importantly, Chase is plainly entitled to a money judgment against both defendants.  Winget is liable for the Venture debt under Section 3 of the Guaranty.  Liability for a debt must be reflected in a money judgment for the amount of the debt.

Winget suggests that the limitation on recourse in the Guaranty, as reformed, somehow precludes a money judgment.  He thus ignores the critical distinction between "liability" and "recourse."  The fallacy of Winget's position is clear and, ultimately, self-defeating.  If the judgment against Winget is not for a set amount, then there is no limit to the amount that Chase may seek to recover.  For example, if Chase prevails on appeal and the Sixth Circuit finds that recourse is unlimited against the Trust, without a monetary limit on its right to recovery, the final judgment would allow Chase to liquidate all assets of the Trust, without limit.  It is for such reasons that the judgment of *liability* must be for a set amount, distinct from any limitation on the assets against which the creditor has *recourse* to obtain that amount.

In addition, a money judgment against both Defendants is necessary and appropriate because of their liability under Section 17 of the Guaranty for Chase's "costs and expenses including, without limitation, all court costs and attorneys' fees and expenses paid or incurred . . . in endeavoring to collect all or any part of the Guaranteed Obligations from, or in prosecuting any action against, the Guarantor with respect to his obligations hereunder."  Recourse for this liability is not limited by Section 3 of the Guaranty.

4

Third, Winget asserts that Count II, against Mr. Winget, should be dismissed because "[t]he pledges can only be enforced against the owner of the property.  There[ have] been no proofs that Larry Winget owns the PIM stock."  (Tr. 6.)  This, too, misses the distinction between liability and recourse.  The Guaranty allows judgment against Mr. Winget; it limits *recourse* to the pledged stock owned by the Trust.  Moreover, as discussed above, recourse for Mr. Winget's liability under Section 17 of the Guaranty is not limited by Section 3.  He therefore cannot be dismissed.

Fourth, Winget contends that there have been "no proofs as to the amount of the deficiency."  (Tr. 6.)  This is false.  Chase submitted proof of the amount of the deficiency in support of its motion for summary judgment.  (*See* Dkt. 392.)  Winget did not raise a genuine issue of fact regarding the amount of the deficiency.  Rather, in its response to Chase's statement of undisputed facts, Winget asserted that Chase's evidence supporting the deficiency "is an unverified, unexplained and unsupported spreadsheet."  (Dkt. 402 at 4.)  On the contrary, the spreadsheet was provided to Winget on October 5, 2012, in response to his August 30, 2012, interrogatory requesting a "current calculation of the total outstanding amount of the indebtedness under the Credit Agreement, including unpaid principal and accrued interest."  Chase's interrogatory responses identified the spreadsheet as the source of the calculation and those responses were verified by Chase employee Phil Martin.  (*See* Exs. B (Chase's interrogatory responses), C (Chase's production letter), & D (the spreadsheet produced on October 5, 2012, and included in Chase's December 2012 motion for summary judgment).)  By failing to present any evidence contesting the amount, Winget failed to create a genuine dispute of fact, and the amount of the deficiency was established when the Court granted Chase's motion for summary judgment.

Fifth, Winget asserts that there have been "no proofs framed as to the remedies that are provided under that pledge or how they are to be enforced." (Tr. 6.)  No proofs are required on this point, because "the remedies" under the Pledges are set out in the pledge agreement and are thus a matter of contract interpretation.  Furthermore, Chase's execution on the stock pledges *pursuant to* final judgment is distinct from the findings *supporting* final judgment.  Questions regarding Chase's execution on collateral can only arise after final judgment is entered and Chase begins its collection efforts.  For this reason, Chase's proposed order provides that the Court retains jurisdiction to supervise the collection process.

Sixth, Winget claims that "there are substantial questions under the principle of *strictissimi juris*, which says [that Winget is] entitled to strict construction of that document in [his] favor under Michigan law." (Tr. 6.)  Winget does not, and cannot, identify these "substantial questions" because none exist.  *Strictissimi juris* is not an independent "right," as Winget suggests.  Rather, it is a legal doctrine of contract construction.  The doctrine states that "[t]he liability of a surety is not to be extended by implication beyond the terms of the contract. A surety cannot be held beyond the precise terms of his agreement." *Bandit Indus., Inc. v. Hobbs Int'l, Inc.*, 620 N.W.2d 531, 534–35 (Mich. 2001) (internal citations and quotation marks omitted).  This doctrine is not relevant at this stage in the proceedings because the Guaranty and Pledges have already been interpreted by the Court.  There is no question of interpretation to be decided using the concept of *strictissimi juris*.

Finally, Winget suggests that "[e]ntry of judgment at this stage in the proceedings . . . raises serious due process questions." (Tr. 6–7.)  This assertion is entirely without merit. Winget has had five years of exhaustive due process.  The Court has given him every opportunity to pursue relevant discovery and has patiently entertained every legal theory he has

6

raised.  No good-faith argument can be made that entry of final judgment at the conclusion of

such a process violates any constitutional rights.

## <u>CONCLUSION</u>

For the foregoing reasons, Chase respectfully requests that the Court enter Final

Judgment in the form attached as Exhibit A.

October 1, 2013                                                   Respectfully submitted,

                                                                     <u>*/s/ Melville W. Washburn*</u>
                                                                     Melville W. Washburn
                                                                     John M. Skakun III
                                                                     SIDLEY AUSTIN LLP
                                                                     1 South Dearborn Street
                                                                     Chicago, IL 60603

                                                                     Attorneys for Plaintiff
                                                                     JPMorgan Chase Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2013, I electronically filed the foregoing document

using the CM/ECF system, which will send notice of this filing to the following counsel of

record for Defendants:

John E. Anding
Drew, Cooper & Anding
Aldrich Place, Suite 200
80 Ottawa Ave. NW
Grand Rapids, MI 49503
janding@dcadvocate.com

*/s/ John M. Skakun III*
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603