UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, NA.,

    Plaintiff/Counter-Defendant,

-vs-

    Case No. 08-13845
    HON. AVERN COHN

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/Counter-Plaintiffs.
_____/

**FINAL JUDGMENT AS TO ALL CLAIMS OF
PLAINTIFF/COUNTERDEFENDANT JPMORGAN CHASE BANK, N.A.
AND AS TO COUNTERCLAIM OF DEFENDANTS/COUNTERPLAINTIFFS
LARRY J. WINGET AND THE LARRY J. WINGET LIVING TRUST**

    This action came before the Court on Motion of JPMorgan Chase Bank, N.A. ("Chase"), as Administrative Agent, for Entry of Final Judgment. The parties have been heard.

    IT IS HEREBY ORDERED AND ADJUDGED that, for the reasons stated in the Decision on Reformation (Doc. 365), judgment is entered in favor of Larry J. Winget ("Winget") and the Larry J. Winget Living Trust (the "Winget Trust") on their Counterclaim as to Count I of the Complaint. Section 3 of the Guaranty, dated October 21, 2002, executed by Winget and the Winget Trust in favor of Bank One, N.A., for the benefit of itself and the Lenders under the Credit Agreement (the "Guaranty") is reformed (text added in bold) to read in relevant part as follows:

> . . .Notwithstanding anything herein or elsewhere to the contrary, no action will be brought for the repayment of the Guaranteed Obligations under this Guaranty and no judgment therefor will be obtained or enforced against Larry Winget **and The Larry J. Winget Living Trust** other than with respect to the Pledged Stock

in accordance with the provisions of the related pledge agreements. . . .

IT IS FURTHER ORDERED AND ADJUDGED that, for the reasons stated in the Amended Memorandum and Order Granting Chase's Motion for Entry of Final Judgment (the "Order Regarding Final Judgment") (Doc. 470), judgment is entered in favor of Chase and against the Winget Trust on Count I of Chase's Complaint.  The Winget Trust is liable to Chase in the amount of $425,113,115.59, which is the unpaid principal amount owed by Venture Holdings Company LLC under the Credit Agreement dated May 27, 1999, as amended (the "Credit Agreement"), plus all interest, fees, and costs that are due under the Credit Agreement and the Guaranty, such interest, fees, and costs in an amount to be proven at a later date.  Chase's recourse for collection and payment of these amounts is subject to the terms of Section 3 of the Guaranty.

IT IS FURTHER ORDERED AND ADJUDGED that, for the reasons stated in the Order Regarding Final Judgment, judgment is entered in favor of Chase and against Winget on Count II of Chase's Complaint.  Winget is liable to Chase in the amount of the $425,113,115.59, which is the unpaid principal amount owed by Venture Holdings Company LLC under the Credit Agreement, plus all interest, fees, and costs that are due under the Credit Agreement and the Guaranty, such interest, fees, and costs in an amount to be proven at a later date.  Chase's recourse for collection and payment of these amounts is subject to the terms of Section 3 of the Guaranty.

IT IS FURTHER ORDERED AND ADJUDGED that, for the reasons stated in the Order Regarding Final Judgment, judgment is entered in favor of Chase and against Winget and the Winget Trust on Count III of Chase's Complaint.  Chase has satisfied its obligations under Section 5.2 of those certain pledges of interests in P.I.M.

Management Co. and in Venco #1, L.L.C. dated as of October 21, 2002 and executed by Winget and the Winget Trust ("the Pledges").  Chase is entitled to enforce all rights granted to it in the Pledges, subject to the Pledgors' right under Section 10 of the Pledges to terminate the Pledges.

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to Section 17 of the Guaranty, Winget and the Winget Trust are liable to Chase for all costs and expenses including, without limitation, all court costs and attorneys' fees and expenses paid or incurred by Chase in endeavoring to collect the Guaranteed Obligations from, or in prosecuting this and any related or future actions against, Winget and the Winget Trust with respect to their obligations under the Guaranty, such costs and expenses to be proven at a later date.  Notwithstanding anything elsewhere in this Order, Chase's recourse against Winget and the Winget Trust for collection and payment of such costs and expenses is not limited by Section 3 of the Guaranty.

IT IS FURTHER ORDERED AND ADJUDGED that the Court will retain jurisdiction for the purposes of supervising enforcement of this Judgment pursuant to the terms of the Guaranty and Pledges which are incorporated herein and attached as Exhibit A, including without limitation any disposition of the stock of P.I.M. Management Company and membership certificates of Venco #1, L.L.C, and including the proof at a later date of certain above-referenced amounts.

    SO ORDERED.                           s/Avern Cohn
                                                       UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2014

## CERTIFICATION

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 29, 2014, by electronic and/or ordinary mail.

                                         s/Carol Bethel for Sakne Chami
                                         Case Manager, (313) 234-5160