UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff/Counter-Defendant,

v.                                         Case No. 08-13845
                                            HON. AVERN COHN

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

    Defendants/Counter-Plaintiffs.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF AMENDED FINAL JUDGMENT (Doc. 557)**[1]

### I. Introduction

This is a commercial finance dispute which has been litigated for many years. Most recently, following a decision in favor of plaintiff, the case was remanded from the Court of Appeals for the Sixth Circuit for winding up. Three motions are now before the Court:

    Defendants' Motion to Judicially Estop Chase from Seeking Damages under Count I That Exceed $50 Million (Doc. 556)

    Plaintiff's Motion for Entry of Amended Final Judgment (Doc. 557)
    and

    Plaintiff's Motion for Costs and Expenses of Collection (Doc. 563)

The first two motions are fully briefed. This memorandum addresses only Plaintiff's motion for entry of an amended final judgment. Defendants' motion regarding judicial estoppel is related and has been disposed of by separate order entered this

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

date.

For the reasons that follow, plaintiff's motion is GRANTED. The Clerk shall enter an Amended Final Judgment in a form consistent with Exhibit A to plaintiff's motion.

## II. Background

On January 29, 2014, the Court entered the Final Judgment as to All Claims of Plaintiff/Counterdefendant JPMorgan Chase Bank, N.A. (Chase) and as to Counterclaim of Defendants/Counterplaintiffs Larry J. Winget (Winget) and the Larry J. Winget Living Trust (the Winget Trust) (Doc. 487), finding that all outstanding issues between the parties had been resolved. See Doc. 487, Final Judgment and Doc. 470, Amended Memorandum and Order Granting Chase's Motion for Entry of Final Judgment. Appeals by the parties were taken from that Final Judgment. The Court of Appeals for the Sixth Circuit reversed the Court's decision on reformation and remanded "to the district court with instructions to enter judgment as to Count I of Chase's complaint in favor of Chase, consistent with the holding of [its] opinion." JPMorgan Chase Bank, N.A. v. Winget, 602 F. App'x 246, 266 (6th Cir. 2015). The Sixth Circuit affirmed this Court's judgment "in all other respects." Id. at 2. On June 18, 2015, the Sixth Circuit issued its mandate after which Chase filed the instant motion seeking an amended final judgment in the form attached as Exhibit A to the motion.

## III. Discussion

In entering final judgment in this case, the Court held that "all outstanding issues between the parties had been resolved" and "entry of final judgment is appropriate under Fed. R. Civ. P. 58(b)(2)(B)." (Doc. 470 at 3.) The Court further explained that

"[t]he text of the judgment to be entered in favor of Chase should conform to Chase's remedies under the Guaranty and the Pledges that were the subject of Chase's complaint and Winget's counterclaim." Id. at 5.

The final judgment must now be amended now to conform with the Sixth Circuit's decision which held that the "equitable remedy of reformation was not available." 602 F. App'x at 258. Chase's proposed form of amended final judgment, attached as Exhibit A to its motion, revises the Court's Final Judgment to omit reference to reformation of the contract and provides that Chase's recourse against the Winget Trust for collection and payment of amounts owed, including principal and interest, under the Credit Agreement dated May 27, 1999, as amended is <u>not</u> limited by Section 3 of the Guaranty.

Winget and the Winget Trust's objections to entry of an amended final judgment mirror the arguments made in their motion for judicial estoppel (Doc. 556). They contend that Chase should be judicially estopped from being able to collect on a judgment that exceeds $50 million as to Winget and the Winget Trust. The Court has disposed of this motion by separate order entered this date. For the reasons stated in the Court's order denying Chase's motion, Winget and the Winget Trust's arguments do not carry the day.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2015
    Detroit, Michigan