UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JPMORGAN CHASE BANK, N.A.,                           Case No. 08-13845

      Plaintiff/
      Counter-Defendant,                             HON. AVERN COHN
v.

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

      Defendants/
      Counter-Plaintiffs.

_____/

## ORDER DENYING WITHOUT PREJUDICE LARRY J. WINGET'S' MOTION FOR A PROTECTIVE ORDER (Doc. 662)[1]

I. Introduction

This is a commercial dispute.  J. P. Morgan Chase (Chase) is the administrative agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a credit agreement.  In the complaint (Doc. 1), Chase sued Larry J. Winget (Winget) and the Larry J. Winget Living Trust (Trust) to enforce a Guaranty and two (2) Pledge Agreements entered into by Winget and signed by Winget and the Winget Trust in 2002, guaranteeing the obligations of Venture.

The Court entered an Amended Final Judgment, Doc. 568, entering a judgment against Winget and the Winget Trust in the amount of $425,113,115.59 but limiting Chase's recourse as to Winget as to $50 million.  After entry, Chase has begun

_____

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

collection efforts, including issuing writs of garnishment and serving discovery on
Winget and the Trust.

Before the Court is Winget's Motion for a Protective Order.  For the reasons that
follow, the motion is DENIED WITHOUT PREJUDICE.

## II.  Background

On September 30, 2015, Winget filed the instant motion after being served with
discovery by Chase under Fed. R. Civ. P. 69.  Winget requests that the Court issue an
order precluding Chase from "all discovery in this collection proceeding directed at the
personal assets of Larry Winget, including those assets once nominally held by the
Living Trust."  (Doc. 662 at 7.)

The day after the motion was filed, the parties were before the Court for a
hearing on Chase's motion for expenses of collection pursuant to the Guaranty.
Following the hearing on the motion for expenses, the Court held a conference with the
parties.  Regarding Chase's efforts to seek discovery from Winget, the Court said that
Chase could take a two-hour deposition of Winget to discover information regarding his
revocation of the Trust, the transfer of Trust assets, and related matters.  Chase
concedes that this procedure makes sense and says it intends to take Winget's
deposition.

## III.  Discussion

### A.

Winget says that a protective order is warranted because any discovery as to
Winget's assets, whether or not such assets were once in the Trust, is not relevant to
Chase's collection on the judgment against the Trust.  In other words, Winget says any

2

discovery directed to him is futile.

In response, Chase points out that the Court allowed Chase to depose Winget, indicating that Winget has relevant information.  Chase says it also reserves the right to seek additional discovery—including the discovery that is the subject of Winget's motion—based on the information obtained through the deposition or otherwise.

Winget, in reply, says that it presented Chase with a proposed proffer as an alternative to a deposition of Winget.  Chase has not responded to the proposal but Winget says it will provide a proffer to the Chase and the Court within 14 days.

B.

The scope of discovery under Fed. R. Civ. P. 69 is broad.  Winget's effort to avoid any discovery as irrelevant or futile is premature at best.  See United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007) ("[T]he courts have confirmed that "[t]he scope of postjudgment discovery is very broad"); Waldemar E. Albers Revocable Trust v. Mid-Am. Energy, Inc., Nos. 5:08-cv-274-KSF, 3:07-cv-21, 2008 WL 4544438, at *1 (E.D. Ky. Oct. 10, 2008) ("The scope of post-judgment discovery under the Federal Rules of Civil Procedure is very broad. . . . Thus, post-judgment discovery under Rule 69 is permissible from third parties in order to discover concealed or fraudulently transferred assets.").

Moreover, as to the substance of what is at the heart of the instant dispute—Winget's revocation of the Trust in his capacity as as settlor—Winget has filed a declaratory judgment action in this district seeking a declaration that Chase's collection and enforcement actions against Winget are barred as a matter of law.  That case, Winget v. Chase, 15-13469, has been assigned to the undersigned as a

3

companion to this case.  Issues in the declaratory judgment action will presumably touch on the revocation of the Trust, the transfer of any of its assets, and Winget's ownership of assets formerly held in the Trust, which tie into Chase's collection efforts in this case.

In short, Winget's request for a protective order at this time is not well-taken. After Chase deposes Winget and/or sees the proffer, it may ask for additional discovery. If Winget objects, he can file another motion.  The Court will not give Winget a broad protective order before his deposition or Winget's proffer and before knowing the scope of what, if any, additional discovery Chase asks of Winget.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2015
       Detroit, Michigan

4