UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/
    Counter-Defendant,

v.

Case No. 08-13845

HON. AVERN COHN

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/
    Counter-Plaintiffs.

_____/

## MEMORANDUM AND ORDER DENYING LARRY J. WINGET'S' MOTION FOR STAY WITHOUT BOND PENDING RESOLUTION OF WINGET'S MOTION FOR PARTIAL SATISFACTION OF JUDGMENT (Doc. 675)[1]

I.

This is a commercial dispute. J. P. Morgan Chase (Chase) is the administrative agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a credit agreement. In the complaint (Doc. 1), Chase sued Larry J. Winget (Winget) and the Larry J. Winget Living Trust (Trust) to enforce a Guaranty and two (2) Pledge Agreements entered into by Winget and signed by Winget and the Winget Trust in 2002, guaranteeing the obligations of Venture.

The Court entered an Amended Final Judgment, Doc. 568, entering a judgment against Winget and the Winget Trust in the amount of $425,113,115.59 but limiting Chase's recourse as to Winget as to $50 million. After entry, Chase began collection

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

efforts, including issuing writs of garnishment and serving discovery on Winget and the Trust.  The Court also issued an order awarding Chase $11,154,874.65 in attorney fees and expenses (Fee Order) associated with its efforts to enforce the Guaranty and Pledge Agreements.  (Doc. 671).  Winget has separately moved for partial satisfaction of the judgment, asking that the Court declare the Fee Order "and that portion of the Amended Final Judgment (Doc. 568) which the [Fee] Order animates, satisfied."  (Doc. 672).

Before the Court is Winget's motion to stay enforcement of the Fee Order until three (3) business days after the Court resolves Winget's motion for partial satisfaction of the judgment.  (Doc. 675).  For the reasons that follow, the motion is DENIED.

II.

Under Rule 62(b), a district court has the authority to stay the execution of a judgment while a motion under Rule 60 is pending. Fed. R. Civ. P. 62(b)(4).  In determining whether a stay is appropriate under the circumstances, courts consider a set of four factors, including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Contract Design Grp., Inc. v. Wayne State Univ., No. 10-cv-14702, 2014 WL 2892513, at *1 (E.D. Mich. June 25, 2014) (internal citation omitted); see also AIA Eng'g Ltd. v. Magotteaux Int'l S/A, No. 09-cv-00255, 2012 WL 3745625, at *1 (M.D. Tenn. Aug. 28, 2012) (applying the same standard); Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc., No. 13-cv-00150, 2015 WL 7348551, at *2 (W.D. Penn. Nov. 18, 2015) (same); SEC v.

Retail Pro, Inc., No. 08-cv-01620, 2011 WL 3515910, at *2 (S.D. Cal. Aug. 11, 2011) (same).[2]

The stay must be "on appropriate terms for the other party's security," and what is appropriate terms is within the court's discretion. See Fed. R. Civ. P. 62(b); Lewis v. United Joint Venture, No. 07-369, 2009 WL 1654600 at *1 (W.D. Mich. June 10, 2009).

There is a presumption in favor of requiring a bond if the court grants the stay, but a court can forgo the bond in a limited set of circumstances. Newburgh/Six Mile Lit. Partnership II v. Adlab Films USA, Inc., No. 09-cv-11067, 2010 WL 3167393, at 1 (E.D. Mich. Aug. 9, 2010). The party seeking an unsecured stay bears the burden of demonstrating "affirmatively that posting a bond or otherwise providing a security is impossible or impractical." Slip N' Slide Records, Inc. v. TVT Records, LLC, No. 05-21113, 2007 WL 1098751, at *2 (citing Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D.S.C. 1984)). If there is no security, the defendant must show that the plaintiff has some protection against the risk that the defendant will not be able satisfy the judgment after disposition of the post-trial motions. Id. The "purpose of Rule 62(b) is to preserve the status quo until disposition of the post-judgment motions." Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979). Many courts analyzing motions under Rule 62(b) have looked to the factors for waiver of a bond under Rule 62(d) when deciding whether to waive Rule 62(b)'s bond requirement. Id. at 1191.

---

[2]Chase is correct that Winget made no attempt to analyze these factors. Instead, Winget suggests that these factors do not apply where a request is made for a stay without bond. This is not correct. The decision of whether to grant a stay must be made before a decision on whether to require a bond associated with the stay. The factors are relevant to whether a stay should be granted in the first instance.

III.

As to the first factor, the Court must examine Winget's 60(b)(5) motion. In the motion, Winget seeks to discharge the approximately $11 million award of fees and costs by arguing that it was already satisfied by his separate $50 million payment under the Guaranty. As Chase notes, Winget has twice before advanced the same argument that forms the basis for his Rule 60(b)(5) motion, and the Court has twice rejected it. First, see Doc. 474, Winget's Proposed Final Judgment at p. 5 (arguing that Winget's liability was limited to $50 million) and Doc. 488, Memorandum Regarding Final Judgment. at p. 5–6. Second, see Doc. 569, Winget's Response to Motion for Costs and Expenses at p. 17 (arguing that Section 10 limited Winget's liability for fees and costs) and Doc. 671, Order Granting Fees and Costs. Under these circumstances, Winget does not appear likely to succeed on the merits of his motion.

As to the second factor, Winget cannot demonstrate that he will suffer irreparable harm if a stay is not granted. The judgment at issue is a money judgment for approximately $11 million. Generally, "potential monetary damage does not constitute irreparable harm." Baker v. Adams Cnty./Ohio Valley Sch. Bd., 310 F.3d 927, 930 (6th Cir. 2002) (evaluating a stay pending appeal). Moreover, Winget says that has the "financial ability" to "fully satisfy" the $11 million judgment against him. (Doc. 675 at p. 4, Doc. 678 at p. 3). Thus, it does not appear Winget will suffer irreparable harm if he is required to satisfy the money judgment in the absence of a stay.

The third and fourth factors do not apply because there are no other parties to the lawsuit and the case involves a matter of contract between private parties.

Considering all of the above, Winget has not demonstrated that he is entitled to a

stay pending resolution of his Rule 60(b) motion.  Having determined a stay is not appropriate, it is not necessary to consider whether to require a bond.

    SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2016
      Detroit, Michigan