UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/Counter-Defendant,

v.

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/Counter-Plaintiffs.
_____/

Case No. 08-13845

HON. AVERN COHN

## ORDER DENYING WINGET'S MOTION FOR RECONSIDERATION OF ORDER GRANTING CHASE'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER (Doc. 733)

I.

On July 5, 2017, the Court issued an order granting Chase's motion to compel responses to its second set of document requests. (Doc. 732).

Before the Court is Winget's motion for reconsideration. (Doc. 733). For the reasons that follow, the motion is DENIED.

II.

In the motion to compel, Chase sought information to enable Chase to ascertain the nature and whereabouts of the property held in Trust. Chase asked Winget for the following:

    1.    Any and all documents related to the income, expenses, assets, liabilities, profits, losses, inventory, cash flows, property holdings, or any other document evidencing the value of the following...

Chase goes on to list twenty-seven [1(a) through 1(aa)] entities believed to be once owned by Winget and or the Winget Trust.

2. Any and all documents related to the income, expenses, assets, liabilities, profits, losses, inventory, cash flows, property holdings, or any other document evidencing the value of any and all of the subsidiaries of the entities identified in the Request 1(a) through 1(aa).

3. Any and all documents and/or communications related to the revocation of the Larry J. Winget Trust.

III.

E.D. Mich LR 7.1(h) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

IV.

Winget has not satisfied the standard for reconsideration. Winget seeks reconsideration of one of its arguments against disclosure - relating to the application of the Michigan Limited Liability Act (Act). Winget appears to contend that the Court was misled by Chase's selected quotation from the Act. Winget's position lacks merit. The full text of the relevant section of the Act is in the record and the Court was in no way misled by the use of ellipses in a quotation. Moreover, as the Court explained in rejecting Winget's argument, the Act applies to satisfaction of a judgment against a member of an LLC out of the member's LLC interest. Here, Chase has a judgment against the Winget Trust. The Winget Trust is no longer a member of the LLCs in question as the Winget Trust was revoked and all of its assets were transferred to

Winget. Chase is seeking discovery about the property formerly in the Winget Trust, including the LLCs. The Act simply does not apply. As Chase points out in its response to Winget's motion for reconsideration, accepting Winget's argument would result in an LLC being immune from civil discovery, a proposition that has no legal support.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2017
Detroit, Michigan