UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JPMORGAN CHASE BANK, N.A.,

      Plaintiff/Counter-Defendant,               Case No. 08-13845

v.

                                           HON. AVERN COHN

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

      Defendants/Counter-Plaintiffs.

_____/

## MEMORANDUM AND ORDER
## LIFTING STAY[1]
## AND GRANTING CHASE'S MOTION FOR COSTS AND EXPENSES[2] (ECF No. 862)[3]

### I. Introduction

      This is a commercial dispute.  J. P. Morgan Chase (Chase) is the administrative

agent for a group of lenders that extended credit to Venture Holdings Company, LLC

(Venture) under a credit agreement.  In 2008, Chase sued Larry J. Winget (Winget) and

the Larry J. Winget Living Trust (Winget Trust) to enforce a Guaranty and two Pledge

Agreements entered into by Winget and signed by Winget and the Winget Trust in 2002,

guaranteeing the obligations of Venture.  After years of litigation and multiple appeals,

---

[1]As will be explained, the Court stayed proceedings on this motion pending an appeal of a prior order granting Chase expenses, <u>see</u> ECF No. 895.  The Sixth Circuit later dismissed the appeal, <u>see</u> ECF No. 903.  Accordingly, the stay is LIFTED.

[2]Although titled as a motion for "costs and expenses," the Court prefers to use the term expenses, which represents attorney and legal professional fees and out of pocket expenses.

[3]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

on July 28, 2015, the Court entered an Amended Judgment in favor of Chase and against Winget and the Winget Trust that enforced the Guaranty and Pledge Agreements against Winget and the Winget Trust. Specifically, the judgment against the Winget Trust was in the amount of $425,113.115.59. The judgment against against Winget was limited to $50 million. (ECF No. 568). The Court also issued an order awarding Chase $11,154,874.65 in attorney fees and expenses (Fee Order) associated with its efforts to enforce the Guaranty and Pledge Agreements through May 31, 2015. (ECF No. Doc. 671).

As will be explained, this is Chase's third motion for expenses. The prior two motions were granted. In the current motion, Chase requests expenses in the amount of $3,553,612.22. Chase says that this amount represents the services of Sidley Austin LLP and Dickinson Wright PLLC between December 1, 2016 and June 30, 2018. For the reasons that follow, the motion is GRANTED.

## II. Background

In the Amended Judgment, the Court determined that Winget and the Trust are liable to Chase for the attorneys' fees and related expenses incurred in pursuing Chase's rights under the Guaranty signed by Winget and the Trust. (Doc. 568 at 3; see also Doc. 487-1 at 8–9 (Guaranty).)

Chase previously moved for an award of expenses under Section 17 of the Guaranty incurred through May 31, 2015. (Doc. 563). The Court granted the motion in part and awarded Chase $11,154,874.65 in expenses (Fee Order) associated with its efforts to enforce the Guaranty and Pledge Agreements through May 31, 2015. (Doc. 671). Winget and the Winget Trust appealed the Fee Order.

2

Winget then moved for partial satisfaction of the Amended Judgment, contending that his payment of $50 million satisfied the Fee Order (Doc. 672). The Court denied the motion (Satisfaction Order). (Doc. 683). Winget and the Winget Trust appealed both the Satisfaction Order and the Fee Order. The Court stayed proceedings on Chase's motion for expenses pending the outcome of the appeal. (Doc. 732).

The Sixth Circuit affirmed, finding that the Court had properly interpreted the language of the Guaranty to hold both Winget and the Winget Trust responsible for the full payment of costs and expenses correctly held there had been no "partial satisfaction" of the award of costs and expenses, and properly determined that the doctrine of res judicata did not apply. Chase v. Winget, No. 16-2130 (6th Cir. Jul. 21, 2017) (Doc. 735) In light of the Sixth Circuit's ruling and mandate, on Chase's motion, the Court lifted the stay. (Doc. 752).

Chase then filed a second motion for expenses incurred since the issuance of the Fee Order in the amount of $2,000,316.24. Chase said the amount represented the services of Sidley Austin LLP and Dickinson Wright PLLC between June 1, 2015 and November 30, 2016. See ECF No. 709. The Court, over Winget and the Winget Trust's objections, granted the motion. See ECF No. 773. Winget and the Winget Trust appealed. The Sixth Circuit dismissed the appeal for lack of jurisdiction, i.e. the order was not final. Chase v. Winget, No. 18-1143 (6th Cir. Apr., 10, 2019). (ECF No. 903.

### III. Discussion

Winget first argues that the Court should not rule on Chase's fee petition while appeals are pending. As noted above, Winget's appeal of Chase's second fee petition was dismissed, leaving only the appeal relating to the Court's entry of Charging Orders.

3

Winget contends that claims that if the Sixth Circuit agrees with him on either of his appeals, Chase would have no right to an award of fees. This argument misreads the final judgment and the Guaranty. Chase is entitled to "all costs and expenses . . . incurred by Chase in endeavoring to collect the Guaranteed Obligations from, or in prosecuting this or any related or future actions against, Winget and the Winget Trust." (ECF No. 568 at p. 3). Chase's expenses arising from post-judgment efforts to collect on the final judgment were plainly incurred in "endeavoring to collect" the Guaranteed Obligations awarded in July 2015. See Daws Excavating, LLC v. Camp Retreats Found., 2018 WL 842900, at *3 (Mich. Ct. App. Feb. 13, 2018) (noting that a judgment creditor "may pursue relief under the [fraudulent transfer statute] against an asset fraudulently transferred by the judgment debtor in postjudgment supplementary collection proceedings. . . ."). The fact that the current costs and expenses were incurred in prosecuting counterclaims in a related action brought by Winget himself is irrelevant, and indeed was expressly contemplated by the Court by providing that Chase could recover in either the original or "any related or future proceeding." (ECF No. 568 at p. 3.)

Further, the outcome of the Charging Order appeal is not relevant to Chase's right to recover attorneys' fees arises out of the Guaranty. Chase's right to damages under the Guaranty was established and reduced to judgment.

Winget also argues that certain hours are excess and reflect duplicate work, arguments he presented in response to Chase's prior fee petitions. As an initial matter, both prior fee orders were based on hourly rates which the Court found reasonable. This holding is the law of the case. Moreover, the Court has again reviewed the rates

4

and continues to find them reasonable.

As to excessiveness, Winget cites two examples of what he characterizes as excessive billing and overstaffing. Neither supports a reduction in Chase's attorney and paralegal hours. First, Winget asserts that Chase's depositions reflect overbilling and overstaffing because more than one attorney participated in the depositions. However, Courts in this district have recognized, "there is nothing inherently unreasonable about a client having multiple attorneys." <u>Auto. Support Grp., LLC v. Hightower</u>, 2012 WL 32733, at *6 (E.D. Mich. Jan. 6, 2012) (quoting <u>ACLU of Georgia v. Barnes</u>, 168 F.3d 423, 432 (11th Cir. 1999)). "An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." <u>Id.</u> (quoting <u>Barnes</u>, 168 F.3d at 432).

Second, Winget asserts that Chase's courtesy copies show excessive billing and overstaffing, specifically, two courtesy copies submitted in April 2017. Legal work was necessary to comply with the Court's standing order, which requires courtesy copies to include key cases with the relevant portions highlighted and notes about their key holdings. The remaining administrative work was appropriately delegated to a project assistant.

Finally, Winget argues that Chase's billing records are inadequately documented because portions of certain entries have been redacted. Winget raised this argument in opposition to Chase's last fee petition, and the Court rejected it, stating "[a]lthough Chase has redacted certain time entries to protect privileged material, those redacted entries still provide a sufficient description of the tasks completed." <u>See</u> ECF No. 773 at PageID.26997-26998. In the Sixth Circuit, billing descriptions need only identify "the

5

general subject matter" and need not be "explicitly detailed" especially where, like here, Case the time entries were maintained contemporaneously with the completion of the work. Like Chase's previous fee petitions, Chase's billing entries identify the date the time was billed, the timekeeper, the hours billed, and the specific task completed as required by the Sixth Circuit.

Winget also suggests that Chase waived privilege over protected material in its billing records. The Court considered and rejected this argument in Chase's second fee petition. See ECF No. 773 at PageID.26998. As the Court stated previously, courts in this Circuit permit redactions of privileged material in fee petitions so long as the court is still able to assess the reasonableness of the requested fees. Id. (citing Compass Homes, Inc. v. Heritage Custom Homes, LLC, 2015 WL 4639654, at *9 (S.D. Ohio Aug. 3, 2015))). This is the law of the case. Winget provides no reason for the Court to revisit that decision.

## V. Conclusion

In the end, Exhibit A to Chase's motion is a sworn declaration with supporting tables showing costs and expenses billed to Chase by the law firm of Sidley Austin LLP related to efforts to collect the Guaranteed Obligations from Winget and the Winget Trust and in prosecuting any action against Winget and the Winget Trust with respect to their obligations under the Guaranty between December 1, 2016 and June 30, 2018. (See Chase's Ex. A, Decl. of James W. Ducayet.) The total amount billed to Chase by Sidley Austin LLP is $3,441,975.00 in attorney fees and $77,622.94 in expenses, for a total of $3,519,601.94.

Exhibit B to Chase's motion is a sworn declaration with supporting tables

showing expenses billed to Chase by the law firm of Dickinson Wright PLLC related to efforts to collect the Guaranteed Obligations from Winget and the Winget Trust and in prosecuting an action against Winget and the Winget Trust with respect to their obligations under the Guaranty between December 1, 2016 and June 30, 2018.  (See Chase's Ex. B, Decl. of William T. Burgess.)  The total amount billed to Chase by Dickinson Wright PLLC is $31,682.00 in attorney fees and $2,328.28 in expenses, for a total of $34,010.28.

The total amount of recoverable expenses based on Exhibits A and B combined is $3,553,612.22.  Chase is awarded this amount.[4]

SO ORDERED.


S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 9/11/2019
     Detroit, Michigan

_____

[4]The Court recognizes that Chase's efforts to collect the Guaranteed Obligations are ongoing.