UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/Counter-Defendant,

v.

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/Counter-Plaintiffs.
_____/

Case No. 08-13845

HON. AVERN COHN

## AMENDED[*] MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION OF SPECIAL MASTER[1] (ECF No. 906)

I. Introduction

This is a long suffering commercial dispute. J. P. Morgan Chase (Chase) is the administrative agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a credit agreement. In 2008, Chase sued Larry J. Winget (Winget) and the Larry J. Winget Living Trust (Winget Trust) to enforce a Guaranty and two Pledge Agreements entered into by Winget and signed by Winget and the Winget Trust in 2002, guaranteeing the obligations of Venture. After years of litigation and multiple appeals, on July 28, 2015, the Court entered an Amended Judgment in favor of Chase and against Winget and the Winget Trust that enforced the Guaranty and Pledge Agreements against Winget and the Winget Trust. Specifically,

---

[*]This Amended Memorandum corrects minor technical errors in the original memorandum issued on September 11, 2019. (ECF No. 14). No substantive changes have been made.

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

the judgment against the Winget Trust was in the amount of $425,113.115.59.  The judgment against against Winget was limited to $50 million.  (Doc. 568).  Chase began collection efforts which in part resulted in the filing of the following motions:

ECF No. 860	Chase's Motion for Constructive Trust[2]

ECF No. 863	Chase's Motion for Writ of Execution

ECF No. 873	Winget's Motion to Stay

Because of the complexity of the issues, the Court referred the motions to a Special Master for a report and recommendation (R&R).  (ECF No. 890).  The Special Master recommends the following:

1.	The Court grant Chase's Corporate Stock Motion

2.	The Court deny Winget's Stay Motion

3.	The Court deny Chase's Constructive Trust Motion, without prejudice to Chase's rights to seek such relief in the Avoidance Action Proceeding (as will be described below).

4.	The Court lift the stay of the Avoidance Action Proceeding

See ECF No. 906.

Before the Court are Winget's objections to the R&R.  (ECF No. 908).  For the reasons that follow, the objections will be denied and the R&R will be adopted.  The Court will enter the relevant orders on each recommendation/motion separately.

II.  Relevant Background

Chase is the administrative agent for a group of lenders that extended credit to Venture Holdings Company, LLC ("Venture") under a credit agreement.  In 2008, Chase

---

[2]Chase also filed a Motion to Supplement its Motion for Constructive Trust.  ECF No. 900.  The motion was granted.  See ECF No. 902.

sued Winget and the Winget Trust to enforce a Guaranty and two Pledge Agreements entered into by Winget and signed by Winget and the Winget Trust in 2002, all of which guaranteed the obligations of Venture.

On January 24, 2014, after years of litigation, this Court entered a Final Judgment against Winget and the Winget Trust in the amount of $425,113,115.59, plus attorney fees and costs under Section 17 of the Guaranty (Doc. No. 487). The Court however ruled that Chase's recourse was limited, as to both Winget and the Winget Trust, to $50,000,000. Chase appealed that decision to the Court of Appeals for the Sixth Circuit. The Sixth Circuit reversed in part, concluding that Chase's recourse against Winget was limited to $50,000,000 while Chase's recourse against the Winget Trust was not limited. The case was remanded to this Court which then entered an Amended Final Judgment against Winget and the Winget Trust in the amount of $425,113,115.59,[3] but limited Chase's recourse against Winget to $50,000,000, as provided for in the Guaranty. See ECF No. 568. Winget appealed the Amended Final Judgment. The Sixth Circuit affirmed. See J.P. Morgan Chase v. Larry Winget, et. al. Sixth Circuit Case No. 15-1924; JPMorgan Chase Bank, N.A. v. Larry J. Winget, et. al., 678 F. App'x 365 (6th Cir. 2017).

On or about January 7, 2014, after the Court issued its opinion regarding entry of the Final Judgment, but before the Final Judgment was entered, Winget paid Chase the $50,000,000.

---

[3]The Court later granted Chase's Motion for Entry of Final Judgment regarding pre-judgment interest, which increased the judgment amount to $778,276,929.23 (ECF No. 823).

3

After entry of the Amended Final Judgment, Chase began collection efforts under Fed. R. Civ. P. 69 and Michigan law. These efforts included issuing writs of garnishment and serving discovery on Winget and the Winget Trust. During these post-judgment proceedings, Chase learned that as of January of 2014, prior to entry of the Judgment or Amended Final Judgment, almost 12 years after Winget and the Winget Trust became parties to the Guaranty (on October 21, 2002), and nearly six year after Chase commenced the instant suit, Winget revoked the Winget Trust. As the Court has previously found, Winget did not reveal his revocation of the Winget Trust until Chase began its collection efforts See ECF No. 732, Page ID.26284.

Following the Winget Trust's revocation, Winget filed a new separate action for declaratory relief, see Case No. 15-13469, seeking a declaration that Chase has no further recourse against Winget, including the same declaration as to those assets that were once a part of the Winget Trust. (The "Avoidance Action Proceeding"). Chase filed a counterclaim, alleging among other things, that Winget's revocation of the Winget Trust was a fraudulent conveyance. The Court found that Chase's counterclaim was the "functional equivalent of post-judgment proceedings" in this case and therefore consolidated Case No. 15-13469 with this proceeding and directed that all pleadings be filed in this case. See ECF No. 686, Page ID.25026.

Chase then moved for judgment on the pleadings under Fed, R. Civ. P. 12(c) on its counterclaim for constructive fraudulent transfer under the Michigan Uniform Fraudulent Transfer Act MCL § 566.35 (now the Michigan Uniform Voidable Transactions Act). See ECF No. 699. The Court granted the motion, concluding that all of the elements of a constructive fraudulent transfer claim had been satisfied and that

4

Chase was entitled to judgment on the pleadings as to liability only. ECF No. 732, Page ID.26292 (the "Fraudulent Transfer Order."). The Court did not reach the issue of relief and damages.

On February 26, 2018, Winget informed the Court that, in compliance with the Fraudulent Transfer Order, he had rescinded his revocation of the Winget Trust, revived and reinstated it, and retitled in the name of the Winget Trust, all property interests that were titled in the name of the Winget Trust as of December 31, 2013, which was the day before Winget says that he revoked the Trust. See ECF No. 777, Page ID.27032.

Shortly thereafter, Chase requested entry of charging orders (the "Charging Order Motions") with respect to the various limited liability company membership interests (the "Membership Interests") owned by the Winget Trust. See ECF Nos. 791-820. Winget and the Winget Trust responded to the Charging Order Motions, arguing, among other things, that the Winget Trust does not own the subject membership interests, or any other property for that matter. Rather Winget, as settlor of the Winget Trust owns all of the property held in trust. It follows, Winget argued, that because he satisfied the judgment against him individually by paying $50,000,000 to Chase, Chase cannot execute on property that Winget owns as settlor of the Winget Trust. The Court rejected Winget's argument, granted the Charging Order Motions and entered the requested Charging Orders. See ECF Nos. 839-853. In connection with entry of the Charging Orders, the Court issued an order that stayed Chase's fraudulent transfer claims. See ECF No. 855. Winget appealed entry of the Charging Orders to the Sixth Circuit. The appeal is pending; oral argument is scheduled for October 24, 2019. See Sixth Circuit Case No. 18-2089.

In further pursuit of its post-judgment remedies, Chase filed the Corporate Stock Motion and the Constructive Trust Motion, as supplemented. Winget and the Winget Trust filed a Stay Motion requesting that this Court stay all collection activities pending the Sixth Circuit's decision on the Charging Orders Appeal.

### III.  Legal Standard

Fed. R. Civ. P. 53 states the standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a Special Master. Rule 53(f)(3) provides as follows:

> Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
> (A) the findings will be reviewed for clear error; or
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) provides as follows:

> Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

See also Hochstein v. Microsoft Corp., 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), aff'd 430 F. App'x 898 (Fed. Cir. 2011) ("The Court reviews de novo factual findings and legal conclusions of the Special Master to which a specific objection has been made. See Fed. R. Civ. P. 53(f)). The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

### IV.  Discussion

#### A.  Chase's Corporate Stock Motion

In the Corporate Stock Motion, Chase requests entry of an order allowing it to execute on the corporate stock (the "Corporate Stock") owned by the Winget Trust in

6

the following entities: Golf Course Corporation 1, Golf Course Development Co., Oakland Land Company, PIM Management Company, Venture Sales & Engineering Corp., and VIMCO Corporation. In particular the Corporate Stock Motion requests that the Court direct the Winget Trust to deliver the stock certificates that comprise the Corporate Stock to the custody of this Court and instruct Winget to confer with Chase regarding an appropriate method to sell the Corporate Stock and apply the proceeds to satisfaction of the Amended Final Judgment.

Chase also requests entry of an order restraining any further transfer of property held by the Winget Trust outside of the ordinary course of business.

The Special Master recommends that the motion be granted because Chase has the right under Michigan law to collect on the Amended Final Judgment, including the remedy of execution on corporate stock.

In his objections, Winget repeats his argument that the Court has been "inconsistent" with respect to the property titled in the Trust's name. See ECF no. 908 at Page ID.29749. This argument ignores the Sixth Circuit's central holding in this case from which Winget and the Winget Trust cannot escape: Winget and the Trust are separate and distinct under the Guaranty, and Chase is entitled to recover from the Trust without limitation as to recourse. Since remand on reformation, the Court has consistently interpreted the Sixth Circuit's mandate in concluding that the Trust owns the property titled in its name. The Sixth Circuit has already recognized exactly what the Special Master recommends: Chase is entitled to pursue the Trust for the obligations that remain unpaid. There is no inconsistency in this Court's rulings, and no "conflict" for the Sixth Circuit to resolve. The payment of $50 million did not discharge

7

the Trust's obligations.

In sum, Winget and the Winget's Trust's objection lacks merit.

### B. Winget and the Winget Trust's Stay Motion

Winget and the Winget Trust move for a stay of Chase's collection efforts pending the outcome of the Charging Order Appeal. They also ask for the stay without filing a supersedeas bond. The concern for Winget and the Winget Trust is that they will no longer control the companies and the sale of the corporate stock will have an adverse impact on the companies' good will and customer base.

The Special Master recommends the motion be denied, explaining that while a change in ownership may have some impact, "Chase has suggested a reasonable sale process that is intended to address these concerns." As to not posting a bond, the Special Master found that no extraordinary circumstances existed to excuse the bond requirement.

In his objections, Winget argues that because Chase has waited so long to execute on this four-year-old judgment, it can and should continue to wait until the Sixth Circuit hears Winget's argument that Chase cannot recover further. See ECF No. 908 at p. 8–11. This objection does not carry the day. To the contrary, Chase has not been dilatory in pursuing collection remedies, but rather has been stymied by Winget and the Winget Trust's continued attempts to stall collection.

Further, as the Special Master noted, a decision on the Charging Orders Appeal is likely months away. Chase should not have to continue to wait to execute on the Amended Final Judgment. Moreover, Chase recognizes if the Sixth Circuit agrees with Winget and the Winget Trust on the Charging Orders Appeal, the execution on

8

corporate stock may be called into question but it is a risk Chase is willing to take. And Winget and the Winget Trust will have a potential right to restitution.

As to eliminating the bond requirement, Winget has articulated no "extraordinary circumstances" to justify a stay without bond. See Hamlin v. Charter Township of Flint, 181 F.R.D. 348, 353 (E.D. Mich. 1998) ("[B]ecause Rule 62(d) expressly dictates that a supersedeas bond must be posted, only in 'extraordinary circumstances' should anything less be required.").

Finally, Winget and the Winget Trust object to the Special Master's recommendation that the stay of the Avoidance Action Proceeding be lifted. The Special Master found that the stay should be lifted essentially because "constructive trust is a remedy that is more appropriately dealt with in the Avoidance Action Proceeding against Winget." ECF No. 906, PageID.29709. The Court agrees. As the Special Master aptly stated: "the quickest way to end this case is to keep it moving." ECF No. 906, PageID29709. Despite Winget and the Winget Trust's argument to the contrary, the reasons for the stay are no longer present. The case must move forward in all aspects towards final closure.[4]

## V. Conclusion

For the reasons stated above, the R&R is ADOPTED as the findings and conclusions of the Court. Chase's motion for a writ of execution on the corporate stock

---

[4]This includes Chase's motion for costs and expenses of collection, the third of such motions filed in this case, ECF No. 862. Proceedings on the motion were stayed pending Winget's appeal of a second fee order. See ECF No. 895. The Sixth Circuit subsequently dismissed Winget's appeal for lack of jurisdiction. See ECF No. 903 (Sixth Circuit's opinion). The stay will be lifted and the Court will issue a separate decision on Chase's motion.

owned by the Trust will be granted, Winget's motion to stay will be denied, Chase's motion for constructive trust will be denied without prejudice, and the stay on the Avoidance Action proceedings will be lifted. The appropriate orders will enter.

SO ORDERED.

S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 9/18/2019
       Detroit, Michigan