UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff/Counter-Defendant,

v.

LARRY J. WINGET and the
LARRY J. WINGET LIVING TRUST,

    Defendants/Counter-Plaintiffs.
_____/

Case No. 08-13845

HON. AVERN COHN

# MEMORANDUM AND ORDER
# DENYING WINGET'S MOTION TO AMEND THE COURT'S JULY 5, 2017 ORDER AND SEEK IMMEDIATE INTERLOCUTORY APPEAL (ECF No. 928)[1]

## I. Introduction

This is a commercial dispute. J. P. Morgan Chase (Chase) is the administrative agent for a group of lenders that extended credit to Venture Holdings Company, LLC (Venture) under a credit agreement. In 2008, Chase sued Larry J. Winget (Winget) and the Larry J. Winget Living Trust (Winget Trust) to enforce a Guaranty and two Pledge Agreements entered into by Winget and signed by Winget and the Winget Trust in 2002, guaranteeing the obligations of Venture. After years of litigation and multiple appeals, on July 28, 2015, the Court entered an Amended Judgment in favor of Chase and against Winget and the Winget Trust that enforced the Guaranty and Pledge Agreements against Winget and the Winget Trust. Specifically, the judgment against the Winget Trust was in the amount of $425,113.115.59. The judgment against against

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Winget was limited to $50 million. (ECF No. 568). More than four years after this Court entered the Amended Final Judgment holding that the Winget Trust's Guaranty was unlimited, and after three decisions from the Sixth Circuit recognizing Chase's right to enforce the Guaranty against the Trust and collect from the Trust's assets, Winget has filed the instant motion, inviting the Court to amend a July 2017 order to certify it for interlocutory review. According to Winget, the Sixth Circuit should immediately address the latest question on which, suddenly, "everything depends." The Court declines the invitation. For the reasons which follow, the motion is DENIED.

## II. Background

The background of this case has been set forth in multiple prior orders of the Court and the Sixth Circuit and will not be repeated. What follows is the background relevant to the instant motion.

In July 2017, this Court granted Chase's Motion for Judgment on the Pleadings, holding that Winget's revocation of the Winget Trust and retitling the Winget Trust assets in his own name was a constructive fraudulent transfer under Michigan law (the "Fraudulent Conveyance Order"). (ECF No. 732)

Winget did not appeal or seek leave to appeal the Fraudulent Conveyance Order at that time. Instead, the parties proceeded with discovery as to the damages Chase suffered from the revocation. After seven months of discovery, Winget voluntarily re-formed the Trust, transferred all of the assets it previously held back into the Trust, and filed an unsolicited "Notice of Compliance" announcing to the Court that he had "rescinded his revocation of the Trust." (ECF No. 777 at 1) Winget did not seek a stay of enforcement or interlocutory review and discovery proceeded for another five months.

2

On August 15, 2018, the Court entered charging orders in Chase's favor for the LLCs that Winget had retitled in the name of the Trust (the "Charging Lien Orders"). (ECF Nos. 839–53.) That same day, and in light of the reinstatement of the Trust, the Court sua sponte stayed the fraudulent conveyance action and directed Chase to focus its collection efforts on the assets held in the Winget Trust.

In September 2019, following proceedings before a Special Master, the Court issued (1) a Writ of Execution against the corporations held in the Trust, and (2) a Status Quo Order that enjoined Winget from, among other things, transferring any assets held by the Trust. (ECF No. 915)

At no time in the more than two years between the entry of the July 2017 Fraudulent Conveyance Order and October 2019 did Winget ever suggest that "time was of the essence" for appellate review of the Fraudulent Conveyance Case Order or that such review was necessary to prevent irreparable harm. Winget has appealed the Writ of Execution to the Sixth Circuit, but not the Status Quo Order.

Winget appealed the Charging Lien Orders, arguing that because Winget "owned" all of the Trust property, the Guaranty did not allow Chase to attach that property through charging liens or otherwise. The Sixth Circuit rejected Winget's argument, explaining that "it doesn't matter who 'owns' the trust property," because "a party who has a contract with a trust can recover from the property held by the trust." JPMorgan Chase Bank, N.A. v. Winget, 942 F.3d 748, 750 (6th Cir. 2019). Winget now seizes upon (and mischaracterizes) a footnote from the Sixth Circuit's latest decision to argue that the Fraudulent Conveyance Order should be the subject of immediate

3

interlocutory review.² Id. at 750 n.1.

III. Analysis

Chase argues that Winget's motion is procedurally improper and lacks merit. The Court agrees. Each ground is discussed in turn below.

A. Procedure

Winget's request that the Fraudulent Conveyance Order be certified for interlocutory appeal appears to an attempt to bypass the Status Quo Order. That Status Quo Order enjoins Winget from "transferring . . . or otherwise disposing of the assets owned, titled in the name of, or otherwise held by the Trust or its trustee"—the exact action Winget seeks to accomplish through his request for interlocutory appeal. (ECF No. 915 at 2.) Contrary to Winget's suggestion, the Status Quo Order was not premised on the fact that the prior revocation had been ruled a fraudulent transfer. Rather, the Court entered the Status Quo Order to oversee and protect Chase's collection efforts in light of the fact that Winget reinstated the Trust. Simply put, Winget made a strategic decision to voluntarily reinstate the Winget Trust, return assets to the Winget Trust, and thereby expose those assets to Chase's collection efforts. Winget's request is nothing more than a belated request for yet another chance to advance a

---

²The full footnote reads as follows: "To be sure, this does not resolve whether Winget could revoke the Trust and simply remove all the trust property. Winget tried to do exactly that back in 2014 but later reversed course. In related proceedings, proceedings, the district court held that this revocation was a fraudulent conveyance under Michigan law. See Mich. Comp. Laws § 566.35. But if Winget 'owns' the trust property, that may affect whether the district court was correct. At oral argument, we asked the parties whether we should address this issue in the current appeal. But they did not pursue that suggestion. Our decision therefore does not address the fraudulent conveyance issue."

4

new legal theory. The request is improper.

## B. Merits

Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Sixth Circuit has recognized that orders under Section 1292(b) should be granted "sparingly." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). "It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." Cardwell v. Chesapeake & Ohio Ry. Co., 504 F.2d 444, 446 (6th Cir. 1974) (quoting Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958)). Winget bears the burden to establish the exceptional circumstances that warrant interlocutory review. In re A.P. Liquidating Co., 350 B.R. 752, 755 (E.D. Mich. 2006).

Winget has not met this burden. First, despite his protestations to the contrary, there is no controlling issue of law, and no basis to believe the Sixth Circuit would reverse itself and permit revocation of the Winget Trust. Winget suggests a substantial difference of opinion exists between the Court and the Sixth Circuit based on a footnote from the Sixth Circuit's opinion. The footnote, however, is clearly dicta and simply says that the Sixth Circuit was not addressing the fraudulent conveyance issue—an issue that Winget told the Sixth Circuit it did not need to address. The panel never stated nor implied that the Court had erred in holding the revocation was a fraudulent conveyance

5

under Michigan law. Winget's reliance on dicta in the Sixth Circuit's opinion does not support interlocutory appeal. See Sanderson v. City of Farmington Hills, 2013 WL 5676318, at *1 (E.D. Mich. Oct. 18, 2013) (Cohn, J.) (denying defendant's motion to certify order for interlocutory appeal where defendant relied on dicta).

Second, there is no reason to believe an appeal will advance the ultimate resolution of this case. Winget's motion is the latest chapter in a long history of attempting to forestall the inevitable—Chase's satisfaction of its judgment. For nearly two and a half years since entry of the Fraudulent Conveyance Order, neither the law nor the facts have changed. All that is different is that the Sixth Circuit rejected Winget's position. That is not a reason for yet another appeal. Finality, which has been elusive at best in this case, will be best achieved by allowing Chase to finish its collection efforts.

SO ORDERED.

S/Paul D. Borman  
Presiding U.S. District Judge for  
Avern Cohn  
U.S. District Judge

Dated: 12/19/2019
    Detroit, Michigan