UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTER DOMUS, LLC,

       Plaintiff and Counter-Defendant,       Case Number 08-13845
v.       Honorable David M. Lawson

LARRY J. WINGET and the LARRY J.
WINGET LIVING TRUST,

       Defendants and Counter-Plaintiffs.
_____/

## ORDER GRANTING MOTIONS FOR ENTRY OF FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b), DENYING MOTION TO HOLD DEFENDANTS IN CONTEMPT, DENYING PLAINTIFF'S MOTION TO FILE SECOND MOTION FOR SUMMARY JUDGMENT, AND STRIKING MOTION FOR SUMMARY JUDGMENT FILED UNDER SEAL

Both the plaintiff and the defendants have asked the Court to treat as final certain aspects of its order entered on January 5, 2021 granting in part the plaintiff's motion for partial summary judgment as to its unjust enrichment claim, imposing a constructive trust, denying the defendants' motion for summary judgment, and dismissing defendant Winget's complaint for declaratory relief. Although claims remain to be adjudicated in this post-judgment-collection phase of this long-standing lawsuit, entry of a final judgment under Federal Rule of Civil Procedure 54(b) will facilitate the parties' return to the court of appeals for the twelfth time. The plaintiff also asks the Court to order immediate compliance with the constructive trust ruling and to hold the defendants in contempt for failing to do so.

Plaintiff Alter Domus has taken over for JP Morgan Chase as the agent of a group of lenders seeking to collect a judgment from the defendants that has swelled to nearly a billion dollars. On July 28, 2015, an amended final judgment was entered against the defendants as guarantors of a loan to Venture Holdings LLC. The judgment at that time was for $425,113,115.59. Defendant

Larry Winget's exposure under that judgment was limited to $50 million. The initial collection efforts focused on the Larry J. Winget Living Trust. In January 2104, Winget removed all of the trust assets, and on October 1, 2015 he filed a declaratory judgment action (*Winget v. Chase*, No. 15-13469, which has been labeled "the Avoidance Action") seeking a declaration that then-agent Chase had no further recourse against Winget or the assets that were once held in the Winget Trust. Chase filed a counterclaim alleging that Winget's asset stripping from the Trust was a fraudulent transfer and unjustly enriched him. This Court's predecessor, the Honorable Avern Cohn, consolidated that case with the present one, reasoning that the proceedings, especially the counterclaim, was akin to a collection proceeding for the amended judgment previously entered.

On July 5, 2017, Judge Cohn granted Chase's motion for judgment on the pleadings on its fraudulent transfer claim brought under the Michigan Uniform Fraudulent Transfer Act ("MUFTA") Mich. Comp. Laws § 566.35 (now the Michigan Uniform Voidable Transactions Act). The order allowed Chase to prevail on liability only. That was one of the rare liability orders entered in this case that was not appealed. About six months later, Winget informed the Court that he had rescinded his revocation of the Winget Trust and retitled in the name of the Trust all property interests that had been titled in the Trust's name as of the day before he revoked the Trust. Chase did not believe that action restored the status quo ante, and it maintained that actions Winget took in the interim (the "Revocation Period") damaged Chase's recourse to the Trust assets and unjustly enriched Winget.

Chase sought the imposition of a constructive trust on certain assets and proceeds generated by Trust property during the Revocation Period and moved for summary judgment on the unjust enrichment count of its counterclaim in the Avoidance Action that had been consolidated. Later, Winget filed a motion for summary judgment in the Avoidance Action, seeking a declaration that

he always owned the property held by the Trust and that he could remove that property at his discretion, despite Chase's judgment against the Trust.

On January 5, 2021, the Court granted in part Chase's motion for partial summary judgment, imposed a constructive trust, denied the defendants' motion for summary judgment, dismissed Winget's declaratory judgment complaint, and denied Winget's motion to stay the collection proceedings. The Court held that Winget unjustly enriched himself as to most of the distributions subject to the motion but found that a trial was necessary to determine whether Winget unjustly enriched himself with approximately $45 million in distributions in 2015 (before the Amended Final Judgment became effective).

The January 5 order fully adjudicated Winget's declaratory judgment complaint, but there are open issues on Chase's counterclaim that preclude entry of a final judgment in that consolidated action. One issue related to an evidentiary hearing to determine if Winget is liable on the unjust enrichment count for the aforementioned $45 million in distributions in 2015. Another is the damages determination on the MUFTA count of Chase's counterclaim. There are also other collection issues concerning the procedures for a judicial sale of trust assets in accordance with the Execution Order. Alter Domus also recently filed a motion seeking leave to file yet another summary judgment motion addressing Winget's conduct during the Revocation Period relating to one of the business entities in which the Trust held stock.

I.

Larry Winget moves for entry of final judgment under Rule 54(b) as to the Court's dismissal of his complaint for declaratory relief. He reasons that if the court of appeals overturns this Court's ruling and holds that Winget had the right to transfer Trust assets and remove them beyond the plaintiff's reach, this case will be finished. Alter Domus does not oppose that relief,

reasoning that it makes sense to get that inevitable appeal behind it so that perhaps its collection efforts will be streamlined. It counters with a motion of its own to enter final judgment on the unjust enrichment count of its counterclaim. It states that it abandons its claim to the remaining $45 million in dispute, now rendering final the decision on that count. Winget opposes that motion because more remains to be done of the MUFTA count, which is intertwined with the unjust enrichment claim.

Rule 54(b) states that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification under this rule requires two separate findings. *In Re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (citing *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *Ibid.* (quoting *Gen. Acquisition*, 23 F.3d at 1026) (cleaned up)). The Court must also explain how it "concluded that immediate review of the challenged ruling is desirable." *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 738 (6th Cir. 2014) (*citing Solomon v. Aetna Life Ins. Co*., 782 F.2d 58, 601-62 (6th Cir. 1986)).

There is no question that the Court's decision granting summary judgment of dismissal on Winget's complaint in the Avoidance Action was final as to that complaint. That decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). In the same way, the decision granting the plaintiff summary judgment on the unjust enrichment was final as to that count of the counterclaim,

especially now that Alter Domus has abandoned any claim to the $45 million. The Court's decision did not dispose of all of the claims in the Avoidance Action because the extent of Alter Domus's damages on the MUFTA count of the counterclaim is an open question.

Is there any just reason for delaying entry of a final judgment on either of those claims in order to pave the way for the parties' return trip to the court of appeals? The Sixth Circuit points the district court to the following non-exclusive list of factors for that decision:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition*, 23 F.3d at 1030 (citations omitted).

Recall that this case is in post-judgment mode. After the amended final judgment was entered in 2015, the parties focused their energy on the fight over who controlled the Trust assets and whether Winget himself should have to pay anything beyond $50 million for interfering with the plaintiff's collection efforts from the Trust. This Court's orders (Judge Cohn's order granting judgment on the pleadings on the MUFTA count and the January 2021 order adjudicating multiple motions) have settled the liability question. Included in that resolution was an issue Winget deemed pivotal: whether he could revoke the Trust and remove all the trust property. The court of appeals once identified that as an open question. *See JPMorgan Chase Bank, N.A. v. Winget*, 942 F.3d 748, 750 n.1 (6th Cir. 2019) (observing that its holding that "a party who has a contract with a trust can recover from the property held by the trust" did "not resolve whether Winget could revoke the Trust and simply remove all the trust property," and that "if Winget 'owns' the trust property, that may affect whether the district court['s fraudulent conveyance decision] was

correct"). This Court's January 2021 order answered that looming question, but now Winget wants a second (actually a twelfth) opinion from the court of appeals.

There is no just reason for delaying the entry of a final judgment on either the dismissal of the declaratory judgment complaint or the unjust enrichment *and* MUTFA counts of the counterclaim. As Winget reasons, if the Sixth Circuit concludes that Winget owns the Trust property and lawfully revoked the Trust in 2014, it would end entirely this consolidated action as Winget would be entitled to dismissal of all counterclaims against him. The collection proceedings would also conclude because Alter Domus would have no property of value against which to execute. Conversely, if the Sixth Circuit affirms the Court's decision, then the collection process will be expedited because Alter Domus's right to execute on all interests in the Trust property would be settled.

That reasoning applies with equal force to both motions for entry of a final judgment under Rule 54(b). It is not undermined by the pendency of the damage component of the MUFTA count. If Winget prevails on his argument, the MUFTA count fails. If he doesn't, then collection continues under that count and the unjust enrichment count. There is little chance that the court of appeals would have to consider any issues twice. If Winget does not prevail on his avoidance theory, the ruling on Alter Domus's unjust enrichment claim is upheld; and if the plaintiff is able to satisfy the amended judgment from the assets it collects, then the damage component of the MUFTA claim need not be pursued. The plaintiff, after all, is entitled to only one satisfaction of its judgment. And if the judgment is not fully satisfied, the damages component of the fraudulent MUFTA count essentially will involve asset tracing, which is a conventional post-judgment collection issue that can be taken up at the appropriate time.

There is no just reason for delaying entry of a final judgment on rulings that dismissed the declaratory judgment complaint and the orders granting judgment on liability on the MUFTA and the unjust enrichment counts of the counterclaim, which also imposed a constructive trust over certain assets.

II.

In the January 2021 order, the Court imposed a constructive trust on the following assets in Winget's possession or control:

> A. Cash Distributions in the amount of $104,775,478, which were distributed to defendant Larry J. Winget between August 11, 2015 and February 26, 2018;
> B. a $135 million demand promissory note issued by JVIS on June 29, 2017 to the Larry J. Winget 2015 Retained Annuity Trust that was assigned to Winget;
> C. a $15 million demand promissory note issued by JVIS on June 29, 2017 to Winget; and
> D. a $22.5 million payment, plus any other payments made to Winget on account of the promissory notes.

The Court also ordered Winget to:

> A. pay to Chase the $104,775,478 in Cash Distributions;
> B. assign the promissory notes referenced in paragraphs B and C, above, to Chase; and
> C. pay Chase the amounts paid on the promissory notes, including the $22.5 million payment.

Following a status conference with the Court on January 20, 2021, Winget's counsel apparently told counsel for the plaintiff that his client did not intend to comply with the constructive trust order, taking the position that the order was interim in nature and that immediate compliance was not required. Alter Domus then filed a motion for an order compelling Winget's immediate compliance with the Court's order and requiring Winget to show cause why he should not be held in contempt.

A party may be held in contempt for the failure to abide by a judgment ordering the turnover of property. Fed. R. Civ. P. 70(e). Winget maintains that January 2021 order, however,

is not a "judgment" within the contemplation of Rule 70.  Alter Domus says that doesn't matter, because the constructive trust imposed by the Court is a form of post-judgment equitable relief entered pursuant to the Court's broad discretion under Federal Rule of Civil Procedure 69(a)(1) and Michigan law.

Rule 69 governs the execution of money judgments.  It provides that "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).  Upon the entry of a final judgment, Michigan law provides courts with "'extremely broad' authority to execute on their judgments."  *Winget*, 942 F.3d at 751-52 (quoting *Rogers v. Webster*, No. 84-1096, 1985 WL 13788, at *1 (6th Cir. Oct. 22, 1985)).

There already is a judgment entered in this case. When the Court imposed a constructive trust, it emphasized that "[i]t bears repeating that this case is in post-judgment collection posture, where Chase has a judgment allowing it to recover from the trust property." Op. Re: MSJs, ECF No 986, PageID.31893; *see also* Order Granting Mot. to Strike Jury Demand, ECF No 770, PageID.26848 ("As such, the Court has already indicated that [the Agent's] counterclaims are part of the [2008] litigation over the Guaranty."); Order Adopting R&R, ECF No. 914, ("In further pursuit of its post-judgment remedies, [the Agent] filed the Corporate Stock Motion and the Constructive Trust Motion, as supplemented.").  Despite Winget's adamant representations, the fact that the plaintiff's claims were brought as counterclaims to Winget's 2015 declaratory judgment complaint, rather than proceedings ancillary to judgment in the 2008 action, does not matter.  The plaintiff filed its compulsory counterclaims under Federal Rule of Civil Procedure 13 because Winget filed a separate declaratory judgment action after revoking the Trust in an attempt

to avoid his Trust's guarantee obligation. Had Winget never filed a separate action, the plaintiff would have sought the exact same relief in the 2008 action.

Moreover, there is a final judgment entered against Winget. As the Sixth Circuit observed, "[the district court entered judgment [against Winget and his Trust] over four years ago. . . . Winget has already paid Chase $50 million, so he no longer owes the bank any money (at least for the guarantee). But the Trust has yet to satisfy *its* obligation under the agreement and now owes the bank over $750 million." *Winget*, 942 F.3d at 749. Rather than viewing the counterclaims in the Avoidance Action as a separate case against Winget individually, this proceeding is actually a post-judgment effort to collect property from the Trust that had been fraudulently removed by the Trust beneficiary. The Court's order, therefore, is more properly viewed as post-judgment equitable relief.

The significance of that distinction tends to fade even more, now that the Court has certified the decision as a final judgment under Rule 54(b). There should be no doubt about the enforceability of the constructive trust and turnover order.

Winget's questioning of the finality of the January 2021 order was not baseless, though. The imposition of the constructive trust and the order to disgorge certain assets was based on the plaintiff's unjust enrichment claim that was not finally adjudicated because of the lingering question over Winget's liability for $45 million in distributions. Moreover, Rule 70 allows the Court to hold a party in contempt for failing to "perform [a] specific act [ordered by the Court] . . . *within the time specified*." Fed. R. Civ. P. 70(a), (e) (emphasis added). The Court's opinion never actually specified a time for compliance.

Of course, it is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyes*, 419 U.S. 449, 458 (1975). But a finding of contempt,

and even lesser sanctions, must be based on the violation of a court order that is "clear and unambiguous." *Liberty Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550-51 (6th Cir. 2006) ("This Court requires that the prior order be 'clear and unambiguous' to support a finding of contempt . . . . Ambiguities must be resolved in the favor of the party charged with contempt."). The Court cannot make such a finding under the present circumstances.

III.

Alter Domus also has filed a motion for leave to file another summary judgment motion on its counterclaim filed in the Avoidance Action. That motion purports to address Winget's conduct during the Revocation Period with respect to the business operations of companies in which the Trust owned stock, known as Mayco International LLC and Mayco Freight LLC, which in turn had been held by a trust entity called PIM. Alter Domus alleges that Winget transferred the Mayco business from PIM into a newly created entity, placing certain revenues beyond the Trust and the grasp of the plaintiff as a judgment creditor. That conduct, argues the plaintiff, is relevant to its damages on the MUFTA count of its counterclaim. Winget, of course, vehemently denies those allegations.

The Court sees no utility in entertaining that motion at this time, particularly since the underlying basis of the claim will be subject to an appeal, if one is filed, of the Rule 54(b) judgment that will be entered. If Winget does not file an appeal from that judgment (which is extremely unlikely), then the plaintiff may renew its motion. For now, however, the motion for leave to file another summary judgment motion will be denied and the underlying motion for summary judgment, filed under seal, will be stricken.

IV.

There is no just reason for delaying entry of a final judgment on (1) the dismissal of the declaratory judgment complaint, (2) the order granting judgment on the pleadings on liability on the MUFTA count of the counterclaim, and (3) the grant of summary judgment on the unjust enrichment count of the counterclaim and imposition of a constructive trust over certain assets.

Accordingly, it is **ORDERED** that the defendants' motion for entry of a final judgment under Federal Rule of Civil Procedure 54(b) (ECF No. 992) is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for entry of a final judgment under Federal Rule of Civil Procedure 54(b) (ECF No. 1003) is **GRANTED IN PART**. Final judgment will be entered on the unjust enrichment count of the counterclaim. The motion is **DENIED** in all other respects.

It is further **ORDERED** that final judgment will enter on the order granting judgment on the pleadings on the fraudulent transfer count (*see* ECF No. 732) and the order granting summary judgment on the unjust enrichment count (*see* ECF No. 986) of the Avoidance Action counterclaim, and the order granting summary judgment of dismissal of the declaratory action complaint in the Avoidance Action (*see* ECF No. 986).

It is further **ORDERED** that the plaintiff's motion for immediate compliance with the Court's previous orders (ECF No. 995) is **DENIED as moot**.

It is further **ORDERED** that the plaintiff's motion for leave to file a second summary judgment motion (ECF No. 1008) is **DENIED**.

It is further **ORDERED** that the plaintiff's second motion for summary judgment filed under seal (ECF No. 1009) is **STRICKEN**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 1, 2021