UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTER DOMUS, LLC,

   Plaintiff/Counter-Defendant,   Case Number 08-13845
v.   Honorable David M. Lawson

LARRY J. WINGET and the LARRY J.
WINGET LIVING TRUST,

   Defendants/Counter-Plaintiffs,

And

ALTER DOMUS, LLC,

   Plaintiff/Counter-Defendant,   Case Number 23-10458
v.   Honorable David M. Lawson

LARRY J. WINGET,

   Defendant,

and

JVIS-USA, LLC,

   Defendant/Counter-Plaintiff.

_____/

## ORDER STRIKING IMPROPER FILING

On March 7, 2024, the plaintiff filed a paper in each of these cases styled as a "Status Report." (ECF No. 1126, ECF 82). Although the document purports to be a report on the status of recent settlement efforts through mediation, it plainly requests action from the Court and therefore should have been designated as a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). In fact, after the statement in the second paragraph of the filing ("On February 21, 2024, representatives of the parties in the Actions attended a mediation

session with Judge Layn Phillips, but were unable to resolve the Actions."), nothing in the document can be characterized fairly as a "status report." And a status report itself is superfluous, since the mediator already filed one. *See* ECF No. 1125, ECF 81.

The plaintiff's filing appears to be nothing more than a disguised motion that purports to tell the Court how to adjudicate the dispute. Although the Court appreciates any assistance offered in good faith to resolve a case, this filing is not in order. In this district, before filing motions, counsel for the moving party must confer with their counterpart to discuss the proposed motion and determine if it would be opposed. E.D. Mich. LR 7.1(a). The "Status Report" contains no indication that counsel for the plaintiff attempted to comply with this requirement, and violations of the Rule are sanctionable. E.D. Mich. LR 7.1(a)(3) ("The court may impose sanctions for . . . violating this rule, which may include taxing costs and attorney's fees, denying the motion, and striking the filing."). The long-running nature of this litigation provides no excuse for counsel's failure to seek concurrence before filing a motion with the Court. Counsel, by now, should be familiar with this Court's expectations regarding compliance with the local rules. Under the circumstances, the Court will strike the improper filing.

Accordingly, it is **ORDERED** that the Clerk of Court **STRIKE** the plaintiff's status report (Case No. 08-13845, ECF No. 1126; Case No. 23-10458, ECF No. 82).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 8, 2024