UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTER DOMUS, LLC,

                Plaintiff/Counter-Defendant,                Case Number 08-13845

v.                                                         Honorable David M. Lawson

LARRY J. WINGET and the LARRY J.
WINGET LIVING TRUST,

                Defendants/Counter-Plaintiffs.

_____/

## ORDER DENYING MOTION TO SET TRIAL SCHEDULE

The matter is before the Court on the plaintiff's motion to set a trial schedule on the damages portion of its fraudulent transfer claim against defendant Larry J. Winget. Briefing on that motion is complete, but the Court observes that the parties' both now have pending appeals. The defendant filed a notice of appeal of the Court's sales-process order on August 28, 2023, *see* ECF No. 1112, which the court of appeals held in abeyance pending the Court's resolution of plaintiff's motion for reconsideration of that order (ECF No. 1107). The Court denied the motion for reconsideration on March 18, 2024, *see* ECF No. 1130, and the plaintiff thereafter filed a notice of appeal of that ruling, *see* ECF No. 1131.

"As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)). "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Although there may be some question about whether the Court retains jurisdiction over the remainder of the case while the parties appeal the sales process order, it is prudent to defer further adjudications until the appeals are resolved.  Moreover, the resolution of the appeal may prompt further settlement discussions and obviate the need for consideration of the plaintiff's motion.  The Court therefore will deny the plaintiff's motion without prejudice.

Accordingly, it is **ORDERED** that the plaintiff's motion to set a trial schedule (ECF No. 1128) is **DENIED without prejudice**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  May 2, 2024