UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTER DOMUS, LLC,

        Plaintiff/Counter-Defendant,        Case Number 08-13845

v.        Honorable David M. Lawson

LARRY J. WINGET and the LARRY J.
WINGET LIVING TRUST,

        Defendants/Counter-Plaintiffs.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER HOLDING DEFENDANT LARRY J. WINGET IN CIVIL CONTEMPT OF COURT

On February 14, 2025, the Court entered an order finding defendant Larry J. Winget in contempt of an order that required him to turn over to plaintiff Alter Domus, the Agent for a consortium of lenders, certain payments received on promissory notes that had been impressed with a constructive trust during the collection proceedings in this case. *See* ECF No. 1188, also cited as *Alter Domus, LLC v. Winget*, 766 F. Supp. 3d 754 (E.D. Mich. 2025). The Agent had sought the turnover of $22.5 million, but the Court determined that it had established only that Winget had received $2.5 million as payment against the notes and had offered insufficient proofs at the time of payment of the other $20 million. That latter amount had been paid to one of Winget's companies, JVIS Investments LLC, but the Agent had not produced sufficient evidence that Winget received it, credited it, or caused it to be paid to JVIS Investments.

The Court also ordered Winget to "furnish to the plaintiff a declaration . . . listing all payments he received, including the dates and amounts of payments . . . ." ECF No. 1188, PageID.34743. Winget executed a declaration in compliance with the Court's order on February 19, 2025. He represents that he had "no personal knowledge of receiving payments on the JVIS-

USA, LLC Promissory Notes on June 29, 2018 or at any other time" but states that he "rel[ies] on and accept[s] as complete and accurate" the testimony of his "personal attorney and JVIS-USA, LLC Manager Timothy Bradley" given at the bench trial in the related case, *Alter Domus, LLC v. Larry J. Winget*, 23-10458 (E.D. Mich.), regarding the payments. *See* ECF No. 1192-1.

The bench trial in that case was conducted on February 18 through 21, 2025. On February 28, the Agent filed the present motion under Civil Rule 60(b) and Local Rule 7.1(h) asking the Court to reconsider its ruling as it relates to the $20 million payment. Local Rule 7.1(h) allows only an invited response, E.D. Mich. 7.1(h)(3), but no such restriction is found in Civil Rule 60(b). Defendant Winget has not responded to the motion.

Although both Civil Rule 60(b) and Local Rule 7.1(h) allow courts to reconsider an earlier ruling when new evidence comes to light, *see* Fed. R. Civ. P. 60(b)(2); E.D. Mich. LR 7.1(h)(2)(C), there are some procedural differences between the two provisions. The local rule applies to requests for reconsideration of non-final orders, *see* E.D. Mich. LR 7.1(h)(2), while Rule 60 applies to final orders, *see* Fed. R. Civ. P. 60(b). Although not all contempt orders are final orders, *see United States v. Conces*, 507 F.3d 1028, 1037 n.7 (6th Cir. 2007), the situation is different when the case stands in a post-judgment posture, as here, *see McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 500 (6th Cir. 2000)). The rationale of considering the posture of the case when considering the finality *vel non* of a contempt order is "that the policy of preventing piecemeal litigation is served." *Ibid.* (quoting *Peabody Coal Co. v. Loc. Union Nos. 1734, 1508 and 1548, UMW*, 484 F.2d 78, 82 (6th Cir. 1973)). Although the present action is a bad poster child in service of that policy, plainly the case is in its post-judgment collection phase, and Rule 60(b) provides the appropriate framework for the motion.

Rule 60(b) authorizes a court to provide a party relief "from a final judgment, order, or proceeding" for a few reasons, including as relevant here, where a party offers "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (6). The Agent says that testimony by Timothy Bradley fills the gap that prevented it from proving that Winget violated the turnover order as to the $20 million payment.

The Agent highlights several portions of Bradley's testimony as evidence that Winget did violate the turnover order. For instance, Bradley explained that the 2018 payment from JVIS-USA was allocated "100 percent [] to Mr. Winget." Trial Tr. Vol. I, ECF No. 267, PageID.4108. He also clarified why JVIS USA issued the payment to JVIS Investments, LLC, rather than Winget personally by name:

> Q. . . . [T]ell us, what is JVIS Investments, LLC?
>
> A. It's a company that's owned 100 percent by Mr. Winget that, generally, any transactions related to certain payments or funds, that it would be sort of a central cash management company that would take in funds and then utilize them for other purposes.
>
> Q. Why was that $20,000,000 paid to JVIS Investments, LLC?
>
> A. For a payment like that, Mr. Winget didn't really have a bank account that items would go into. So as a solely owned company, a disregarded entity for tax purposes, that's the company that we utilized for that purpose.

*Id.* at PageID.4111. Bradley added that JVIS Investments frequently was used to receive funds "owed to" Winget. *Id.* at PageID.4113. He also stated that the $20 million payment originally was booked as a distribution from JVIS, but on the advice of Mr. Winget's accountants it was re-classified as a loan repayment. *Id.* at PageID.4114.

The Agent is entitled to the relief it seeks in its motion. In its previous order, the Court declined to order Winget to pay $20 million to the Agent because the turnover order imposed a

constructive trust only on "payments *made to Winget* on account of the promissory notes," but there was insufficient evidence to conclude Winget had received the $20 million, credited it, or caused it to be paid to JVIS Investments, LLC. ECF No. 1188, PageID.34735. Bradley's trial testimony bridges the evidentiary gap.

Bradley's testimony, which was adopted by Winget in his declaration, ECF No. 1192-1, establishes that Winget received the $20 million payment. Bradley's testimony clarified that Winget owns JVIS investments, LLC and treated it like a "bank account" or "central cash management company" for funds "owed to him." Trial Tr., Vol. I, ECF No. 267, PageID.4111, 4113. He also confirmed that JVIS Investments, LLC, in fact, received the $20 million and that Winget and JVIS-USA alike treated it as a payment on the notes. *Id.* at PageID.4111, 4114.

The Agent also has established that evidence of Winget's violation could not with "reasonable diligence" have been discovered before the Court's prior decision. *See* Fed. R. Civ. P. 60(b)(2). The Court observed previously that the existence of additional payments was "far from obvious" based on the documents in the Agent's possession at the time. ECF No. 1188, PageID.34740. The Agent also took action to obtain documents pertaining to the $20 million payment while the contempt motion was pending. *See* ECF No. 1163. When Magistrate Judge Grand granted the Agent's motion to compel and ordered Winget to "conduct a good faith search for and produce any and all non-privileged documents related to the 2018 Additional Payment of $20,000,000 that have not already been produced," ECF No. 1173, Winget ultimately had little to show. According to the Agent, he produced one document that makes no mention of JVIS Investments and does not furnish anything in the level of detail provided by Bradley at trial.

With the evidence received during trial of the related case, the Agent has proven "by clear and convincing evidence" that defendant Winget violated the Court's prior order by failing to turn

- 5 -

over the $20 million payment JVIS-USA made on the subject promissory notes. *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991). That order was "definite and specific" and required the defendant "to perform or refrain from performing a particular act or acts." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

Accordingly, it is **ORDERED** that the plaintiff's motion for partial relief from and reconsideration of the order holding defendant Larry J. Winget in civil contempt of Court (ECF No. 1192) is **GRANTED**.

It is further **ORDERED AND ADJUDGED** that Larry J. Winget is in **CIVIL CONTEMPT** of the order of this Court to turn over "the amounts paid on the promissory notes."

It is further **ORDERED** that Larry J. Winget may purge his contempt by paying over to the plaintiff the $20 million payment received from JVIS-USA and directed to JVIS Investments, LLC on the promissory note(s) **on or before October 21, 2025.**

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:   September 23, 2025